# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PEOPLE FOR PEARCE and STEVE E. PEARCE,
U.S. Representative for New Mexico's Second
Congressional District

       Plaintiffs

vs.

MAGGIE T. OLIVER, in her individual capacity
and her official capacity as Secretary of State of
the State of New Mexico; HECTOR H.
BALDERAS, JR., in his individual capacity and
his official capacity as Attorney General of the
State of New Mexico; and DIANNA LUCE, in her
official capacity as Fifth Judicial District Attorney
of New Mexico,

       Defendants.

Case No. 2:17-cv-00752-JCH-SMV

## DEFENDANT DIANNA LUCE'S LIMITED RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

    Defendant Dianna Luce, in her official capacity as Fifth Judicial District Attorney, by and through her counsel Assistant Attorney General Timothy J. Williams and requests that this Court deny Plaintiffs' Motion for Preliminary Injunction.

## INTRODUCTION

    In their motion for preliminary injunction, Plaintiffs seek, *inter alia*, to preempt Defendant Dianna Luce in her official capacity as Fifth Judicial District Attorney for the State of New Mexico from enforcing the laws which she has been empowered and sworn to carry out under her oath.  Moreover, Plaintiffs' relief seeks to have this Court enjoin Defendant Luce before a case against any of the Plaintiffs has even been referred to her office, and prior to any

1

investigation, evaluation or decision to bring forth a case against the Plaintiffs.

The Plaintiffs' preemptive strike, however, fails for two reasons.  First, as discussed below, the Plaintiffs lack standing to  sue and enjoin the Attorney General at this time. *See, e.g.*, *Brown v. Buhman*, 822 F.3d 1151,  1165 (10th Cir. 2016)[1].  In sum, Plaintiffs have not alleged a credible threat of prosecution that would  allow them to obtain a pre-enforcement injunction against Defendant Luce as Fifth Judicial District Attorney. *See, e.g., id.*

Second, assuming *arguendo* the Plaintiffs had standing in this case against Defendant Luce, they fail to meet the burden necessary to receive a  preliminary injunction. *See, e.g.*, *Diné Citizens Against Ruining Our Environment v. Jewell*, 839  F.3d 1276, 1281 (10th Cir. 2016).  Further, the Plaintiffs have not shown a likelihood of success on the  merits.  Because they misread and misinterpret the import of *New Mexicans for Bill Richardson v. Gonzales*, Case No. 93-CV-  1135-JAP-RLP (D.N.M.) (Parker, J.) as it relates to this case, they misvalue the interests and harms at stake.  And perhaps most importantly, they ignore the fact that a premature injunction against the District Attorney Luce is contrary to the public interest.

Ultimately, enjoining District Attorney Luce at this time requires the extraordinary leap and  conclusion that the District Attorney does not have grounds to examine the Plaintiffs apparent proposed transfer of more than one million dollars from a federal campaign account into a state gubernatorial campaign account.

## ARGUMENT

**A. Plaintiffs lack standing to seek a preliminary injunction against District Attorney Luce.**

---

[1]  Defendant anticipates filing a motion to dismiss challenging Plaintiffs' standing.

Plaintiffs may only obtain an injunction against a defendant if they have standing. "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)) (brackets omitted).

To satisfy the "injury-in-fact" element of standing, a plaintiff must demonstrate that "there exists a credible threat of prosecution thereunder." *Brown*, 822 F.3d at 1165. To be credible, a threat must be "well-founded and not imaginary or wholly speculative." *Id*. (internal quotation marks omitted). "When a plaintiff challenges the validity of a criminal statute under which he has not been prosecuted, he must show a 'real and immediate threat' of his future prosecution under that statute to satisfy the injury in fact requirement." *D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir. 2004).

The Plaintiffs do not meet this bar. In fact, Plaintiffs have not alleged a single fact that would support an inference that the District Attorney Luce is threatening imminent prosecution. They cannot even allege that a case has been referred to District Attorney Luce, much less investigated, evaluated for charging purposes, or filed by District Attorney Luce. Pursuant to New Mexico, and as sought though their relief, even if the Secretary of State decided to refer a case it is equally likely to be referred to the Attorney General as it would be referred to the District Attorney. The fact that the Plaintiffs have had some prior communications with the current or past Secretary of State is not enough. The chain of causation must flow to every defendant from which the Plaintiffs seek relief. Therefore, to have standing to enjoin District Attorney Luce, Plaintiffs must allege an injury "fairly

traceable" to an action taken by the District Attorney. *Bronson v. Swensen*, 500 F.3d 1099, 1109 (10th Cir. 2007). Plaintiffs have simply not demonstrated such. The complaint and motion for preliminary injunction are both void of facts about any actions the District Attorney has actually taken to instill a fear of prosecution in the Plaintiffs. The fact that the Secretary of State can refer a case to either the District Attorney or the Attorney General is not enough to establish a credible threat of prosecution

Plaintiffs simply have not alleged that the District Attorney has even undertaken the first step in the long journey prior to bringing a charge—referral, investigation, and evaluation. They do not even allege that District Attorney Luce has received a referral that could trigger an initial screening for investigation, that in turn might someday, after evidence collection and analysis, result in a prosecution. Nor have Plaintiffs alleged that the District Attorney has previously prosecuted any other single candidate or campaign for anything similar to the federal-to-state transfer they are seeking. *Cf. Bronson,* 500 F.3d at 1108-09 (prior prosecutions factor in credible-threat analysis). While Plaintiffs expound at length on the benefits that their million-dollar federal campaign funds would bring to their efforts they cannot "satisfy the credible-threat-of-prosecution test by relying on evidence of their compliance with the challenged statute." *Colorado Outfitters Ass'n v. Hickenlooper,* 823 F.3d 537, 548 (10th Cir. 2016). The mere existence of a statute does not create a credible threat of prosecution. *Brown*, 822 F.3d at 1165.

Any fear of imminent prosecution is therefore merely speculative, and Plaintiffs' complaint and request for a preliminary injunction are wholly insufficient to establish a credible threat of prosecution. *Bronson*, 500 F.3d at 1109. Therefore, regardless of the actions of the other parties, Plaintiffs have not established standing to enjoin District Attorney

Luce.

**B. Plaintiffs fail to establish the facts necessary for a preliminary injunction against the Attorney General.**

To receive a preliminary injunction, it is the Plaintiffs' burden to "establish the following factors: (1) a substantial likelihood of prevailing on the merits, (2) irreparable harm unless the injunction is issued, (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens*, 839 F.3d at 1281. To succeed, the Plaintiffs must meet each of these elements. "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.*" Id*. (internal quotation marks omitted). Plaintiffs have not shown any fact establishing their right to relief, let alone a clear and unequivocal right to relief, and thus they have failed to establish the necessary elements for such an extraordinary remedy.

To obtain a preliminary injunction, the Plaintiffs must show that they have a "substantial likelihood" of prevailing on the merits of their claims. *Diné Citizens*, 839 F.3d at 1281-82. In this case, Plaintiffs are unlikely to succeed on the merits because their arguments form a tenuous chain that simply does not lead to obtaining relief against District Attorney Luce. Every link in the chain of argument fails.

First, as discussed above, the Plaintiffs lack standing to sue District Attorney Luce. This means they will not ultimately obtain any relief against her.

Next, the Plaintiffs' argument rests largely on the *Richardson* case, Case No. 93-CV-1135-JAP-RLP, which evaluated a different statute, not the one the plaintiffs challenge in this litigation. *Richardson* involved NMSA 1978, § 1-19-29.1(C) (1995), a complete ban on transfers of federal contributions to state campaign accounts. The Plaintiffs, however, are not

5

challenging Section 1-19-29.1(C), they are challenging the contribution limits under NMSA 1978, Section 1-19-34.7 (2010), which did not even at the time *Richardson* was decided. The Plaintiffs' argument against this section boils down to the idea that a contribution limit--which applies equally to all contributors to state candidate committees--functions as a total ban because their war chest is so large. *Cf*. Complaint at ¶ 4 (Doc. No. 1).

The Plaintiffs' next point depends on re-characterizing the state contribution limit as an expenditure limit. *See* Plaintiff's Motion for Preliminary Injunction at 12 (Doc. No. 16). The statute, on its face, is a contribution limit and should be analyzed as such. § 1-19-34.7.

Nevertheless, based on their interpretation, the Plaintiffs spend pages describing and attacking a letter they received from the Secretary of State's office, concluding that "the Secretary's interpretation of the [Campaign Reporting Act] is unconstitutional. . . " *See* Plaintiff's Motion for Preliminary Injunction at 20 (Doc. No. 16).

The Plaintiffs, however, offer no reason why they expect to succeed in this litigation against the District Attorney. The Plaintiffs have done nothing to show a "clear and unequivocal" right to relief from District Attorney Luce. *Diné Citizens*, 839 F.3d at 1281. They seem to assume that success against one defendant is success against all, but offer no support for such an idea. Further, because of the flaws in their analysis discussed above, they have not shown a likelihood of success even with respect to Secretary of State Oliver.

The plaintiffs' lack of analysis with respect to District Attorney Luce is particularly concerning because a preliminary injunction would impose unique burdens on a District Attorney and the public interests she has a statutory duty and sworn to protect. *See, e.g*., § 1-19-34.6; § 1-19-36. In evaluating a request for preliminary injunction, courts must "pay particular regard for the public consequences in employing the extraordinary remedy of

injunction." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)) (internal quotation mark omitted).

The public interest in political integrity and preventing corruption is widely recognized. *See, e.g., McCutcheon v. Federal Election Com'n*, 134 S.Ct. 1434, 1441 (2014). This interest, however, does not exist in a vacuum. It depends on law enforcement officers working to determine whether the interest is implicated in any given circumstance.

Contrary to these principles, the Plaintiffs seek a broad injunction preventing District Attorney Luce from "enforcing the restrictions described in the Blair Letter, from imposing any limitations on the transfer of funds . . . and from levying any restrictions on the use of those funds" as if those funds were raised in the state system. *See* Plaintiff's Motion for Preliminary Injunction at 23 (Doc. No. 16).

If District Attorney Luce were to begin an investigation of the Plaintiffs' campaign finances, she would employ the lengthy process of investigation and evaluation and develop a sufficient factual record to determine whether the Plaintiffs' conduct implicates the State's interest in preventing corruption.

The result of this investigation might show that a million-dollar transfer was entirely consistent with donor intent and clean elections or it might reveal aspects of corruption that are not apparent from a surface-level view. In any event, these issues should not be shielded from scrutiny. The public has a strong interest in the District Attorney performing her statutory functions to oversee any referred alleged violations of the campaign reporting act through full and fair investigation.

Because Plaintiffs brought a lawsuit as a first resort, and now seek a broad injunction,

they would deprive New Mexicans of the chance to present a complete factual foundation for any asserted anti-corruption interest.

Finally, the plaintiffs ignore the potential consequences of the preliminary injunction. *See Diné Citizens*, 839 F.3d at 1281 (courts must examine the alleged harms to the movant and balance the hardships between the parties). In addition to the encroachment on District Attorney Luce's enforcement powers, the preliminary injunction could have irreparable consequences in the political system. Although they frame their request as a motion to enjoin state officials, what Plaintiffs are really seeking is permission to transfer and spend federal campaign contributions in a state gubernatorial election. This stance carries its own risk of significant irrevocable harm. Once plaintiffs spend the funds, there is virtually no chance that the money can be recouped and returned should the courts later decide against the plaintiffs.

## CONCLUSION

District Attorney Luce respectfully requests that this Court deny the Plaintiffs' motion for preliminary injunction on the grounds that the Plaintiffs lack standing to receive an injunction against her and because they fail to meet the elements necessary to receive a preliminary injunction at all.

Respectfully submitted,

By: */s/ Timothy J. Williams*

Timothy J. Williams
Assistant Attorney
General
P.O. Box 1508
Santa Fe, New Mexico 87504-1508
(505) 490-4825
(505) 490-4881 (fax)
twilliams@nmag.gov
Attorney for Defendant Dianna Luce

I hereby certify that a true and correct
copy of the above pleading was served on
all attorneys of record through
the U.S. District Court's electronic
filing system on the 14th day of September, 2017.

/s/ *Timothy J. Williams*