## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PEOPLE FOR PEARCE and STEVE E. PEARCE,
U.S. Representative for New Mexico's Second
Congressional District

        Plaintiffs

vs.                                                                 Case No. 2:17-cv-00752-JCH-SMV

MAGGIE T. OLIVER, in her individual capacity
and her official capacity as Secretary of State of
the State of New Mexico; HECTOR H.
BALDERAS, JR., in his individual capacity and
his official capacity as Attorney General of the
State of New Mexico; and DIANNA LUCE, in her
official capacity as Fifth Judicial District Attorney
of New Mexico,

        Defendants.

## DEFENDANT DIANNA LUCE'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND ATTORNEYS' FEES.

Defendant Dianna Luce, in her official capacity as Fifth Judicial District Attorney, by

and  through her counsel Assistant Attorney General Timothy J. Williams hereby answers

Plaintiffs' Complaint for Injunctive and Declaratory Relief, and Attorneys' Fees as follows:

1. The first paragraph of Plaintiffs' Complaint is a characterization of their case and

    complaint, to which no response is required.  It also contains a conclusion of law, to

    which no response is required.  To the extent a response is required, Defendant Luce

    is without sufficient knowledge or information to form a belief as to why Plaintiffs

    have brought this action, and therefore deny the allegation.

2. Defendant Luce admits the allegations contained in the first sentence of paragraph 2.

Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations contained in the second sentence of paragraph 2, and therefore denies them.

3.   The allegations in paragraph 3 are conclusions of law, to which no response is required.

4.   Paragraph 4 contains allegations that are a characterization of the Plaintiffs' case, to which no response is required.  To the extent a response is required, Defendant Luce is without sufficient knowledge or information to form a belief and therefore denies the allegations in paragraph 4.

5.   Paragraph 5 is a conclusion of law, to which no response is required.

6.   Paragraph 6 is a conclusion of law, to which no response is required.  To the extent a response is required, Defendant Luce denies that the issue in the Richardson case is the same issue in this case.

7.   The first sentence in Paragraph 7 is a conclusion of law, to which no response is required.  Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations contained in the second sentence in paragraph 7, and therefore denies them.

8.   Paragraph 8 contains conclusions of law, to which no response is required.

9.   Regarding the allegation in paragraph 9 as it pertains to Defendant Luce, it is denied. Further, Defendant Luce is without sufficient knowledge or information to form a belief as to the allegation with respect to the other defendants and therefore denies it.

10. Based on information and belief, Defendant Luce admits the allegations contained in paragraph 10.

11. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations in paragraph 11, and therefore denies them.

12. Defendant Luce admits that Defendant Oliver is the Secretary of State of the State of New Mexico.  The remaining allegations in paragraph 12 are conclusions of law, to which no response is required.

13. Defendant Luce admits that Defendant Balderas is the Attorney General for the State of New Mexico.  The remaining allegations in paragraph 13 are conclusions of law, to which no response is required.

14. Defendant Luce admits she is the District Attorney for the Fifth Judicial District of New Mexico, which covers Chaves, Eddy, and Lea Counties.  Defendant Luce is without sufficient knowledge or information to form a belief as to the residency of Plaintiff People for Pearce, and therefore denies the allegation.  Defendant Luce admits that Plaintiff Pearce is a resident of Lea County.  The remaining allegations in paragraph 14 are conclusions of law, to which no response is required.

15. The allegations in paragraph 15 are conclusions of law, to which no response is required.

16. The allegations in paragraph 16 are conclusions of law, to which no response is required.

17. The allegations in paragraph 17 are conclusions of law, to which no response is required.

18. The allegations in paragraph 18 are conclusions of law, to which no response is required.

19. The allegations in paragraph 19 are conclusions of law, to which no response is

required.

20. The allegations in paragraph 20 are conclusions of law, to which no response is required.

21. The allegations in paragraph 21 are conclusions of law, to which no response is required.

22. The allegations in paragraph 22 are conclusions of law, to which no response is required.

23. The allegations in paragraph 23 are conclusions of law, to which no response is required.

24. The allegations in paragraph 24 are conclusions of law, to which no response is required.

25. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations in paragraph 25, and therefore denies them.

26. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegation contained in the first sentence of paragraph 26, and therefore denies it. The allegation contained in the second sentence is a conclusion of law, to which no response is required.

27. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations in paragraph 27, and therefore denies them.

28. The allegations in paragraph 28 are conclusions of law, to which no response is required.

29. The allegations in paragraph 29 are conclusions of law, to which no response is

required.

30. The allegations in paragraph 30 are conclusions of law, to which no response is required.

31. The allegations in paragraph 31 are conclusions of law, to which no response is required.

32. The allegations in paragraph 32 are conclusions of law, to which no response is required.

33. The allegation in paragraph 33 is a conclusion of law, to which no response is required.

34. The allegation in paragraph 34 is a conclusion of law, to which no response is required.

35. The allegation in paragraph 35 is a conclusion of law, to which no response is required.

36. The allegation in paragraph 36 is a conclusion of law, to which no response is required.

37. The allegations in paragraph 37 are conclusions of law, to which no response is required.

38. The allegations in paragraph 38 are characterizations of the Plaintiffs' case and conclusions of law, to which no response is required.

39. The allegations in paragraph 39 are conclusions of law, to which no response is required.

40. The allegations in paragraph 40 are conclusions of law, to which no response is

required.

41. The allegations in paragraph 41 include quotations from different cases, which speak for themselves and are the best evidence of their contents. Paragraph 41 also includes conclusions of law, to which no response is required.

42. The allegations in paragraph 42 include quotations from different cases, which speak for themselves and are the best evidence of their contents. Paragraph 42 also includes conclusions of law, to which no response is required.

43. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations in paragraph 43, and therefore denies them.

44. The allegations in paragraph 44 include conclusions of law, to which no response is required. Paragraph 44 also includes quotations from a court pleading in a different case, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant Luce is without sufficient knowledge or information to form a belief as to the allegations in paragraph 44.

45. Paragraph 45 includes quotations from a court opinion in a different case, which speaks for itself and is the best evidence of its contents. Additionally, paragraph 45 includes conclusions of law, to which no response is required.

46. The allegations in paragraph 46 are references to pleadings in a different case, which speaks for itself and is the best evidence of its contents.

47. The allegations in paragraph 47 include quotations from pleadings in a different case, which speaks for itself and is the best evidence of its contents. The allegations also include conclusions of law, to which no response is required. Finally, Defendant Luce is without sufficient knowledge or information to form a belief as to

6

Plaintiffs' speculative allegation of how Defendant Oliver may try to frame the issues in this case, and therefore denies it.

48.  The allegations in paragraph 48 include quotations from pleadings in a different case, which speak for themselves and are the best evidence of their contents.  The allegations also include conclusions of law, to which no response is required.

49. The allegations in paragraph 49 include quotations from pleadings in a different case, which speaks for itself and is the best evidence of its contents.  The allegations also include conclusions of law, to which no response is required.

50. The allegations in paragraph 50 include conclusions of law, to which no response is required.

51. The allegations in paragraph 51 include a quotation from a court opinion in a different case, which speaks for itself and is the best evidence of its contents.  The allegations also include a conclusion of law, to which no response is required.

52. Paragraph 52 includes a quotation from a judgment in a different case, which speaks for itself and is the best evidence of its contents.  It also includes a conclusion of law, to which no response is required.

53. The allegations in paragraph 53 include quotations from a court opinion in a different case, which speaks for itself and is the best evidence of its contents.  The allegations also include conclusions of law, to which no response is required.

54. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegation contained in paragraph 54, and therefore denies it.

55. Paragraph 55 contains citation to a 2007 advisory opinion, which speaks for itself and is the best evidence of its contents.  Paragraph 55 also includes conclusions of

law, to which no response is required.

56. Paragraph 56 contains citation to, and quotation of, a 2009 advisory opinion, which speaks for itself and is the best evidence of its contents.  Paragraph 56 also includes conclusions of law, to which no response is required.

57. Paragraph 57 contains a characterization of Plaintiffs' case.  It also cites and quotes an exchange of letters between Plaintiff Pearce's counsel and a former attorney with Defendant's Oliver's predecessor, which speak for themselves and are the best evidence of their contents.  Paragraph 57 also includes conclusions of law, to which no response is required.

58. Paragraph 58 cites and quotes an email response from Deputy Secretary of State Blair and attorney Andrea Goff, which speaks for itself and is the best evidence of its contents.  Paragraph 58 also includes conclusions of law, to which no response is required.

59. Paragraph 59 contains a characterization of Plaintiffs' case.  It also cites and quotes a letter from an attorney for Plaintiff Pearce, which speaks for itself and is the best evidence of its contents.  Paragraph 59 also includes a conclusion of law, to which no response is required.

60. Paragraph 60 contains a characterization of Plaintiffs' case.  It also cites and quotes a letter from an attorney for Plaintiff Pearce, which speaks for itself and is the best evidence of its contents.  Paragraph 60 also includes conclusions of law, to which no response is required.

61. Paragraph 61 contains a characterization of Plaintiffs' case.  It also cites a letter from an attorney for Plaintiff Pearce, which speaks for itself and is the best evidence of its

contents.  Furthermore, Defendant Luce is without sufficient knowledge or information to form a belief as to the allegation in paragraph 61, and therefore deny it.

62. Based on information and belief, Defendant Luce admits the allegation in paragraph 62.

63. Paragraph 63 cites and quotes a letter from Deputy Secretary Blair, which speaks for itself and is the best evidence of its contents.  Paragraph 63 also includes conclusions of law, to which no response is required.

64. Defendant Luce incorporates by reference all the foregoing responses contained in paragraphs 1-63 of this Answer.

65. Paragraph 65 contains a characterization of Plaintiffs' case.  It also includes conclusions of law, to which no response is required.

66. Paragraph 66 contains a characterization of Plaintiffs' case.  It also includes conclusions of law, to which no response is required.  Finally, it cites and quotes an opinion from a different case, which speaks for itself and is the best evidence of its contents.

67. Paragraph 67 contains a characterization of Plaintiffs' case.  It also includes conclusions of law, to which no response is required.  Finally, the last sentence is a request for relief and does not require a response.  However, to the extent a response is required, Defendant Luce denies Plaintiffs are entitled to the relief sought.

68. Defendant Luce is without sufficient knowledge or information to form a belief as to the allegation that Defendant Oliver consulted with Defendant Balderas to form her position.  The final sentence is both a conclusion of law and request for relief, to

which no response is required.  However, to the extent a response is required,
Defendant Luce denies Plaintiffs are entitled to the relief sought.  The remaining
allegations contain conclusions of law, to which no response is required.

69. Paragraph 69 includes a characterization of Plaintiffs' case.  It also includes
conclusions of law, to which no response is required.  However, to the extent a
response is required, Defendant Luce denies the allegations that Plaintiffs are likely
to succeed on the merits of their claim, that Plaintiffs will suffer irreparable harm,
and that the balance of harms weighs strongly in Plaintiffs' favor.  Defendant Luce
also denies that public interest weighs strongly in favor of Plaintiffs.

70. Paragraph 70 contains a request for relief, to which a response is not required.
However, to the extent a response is required, Defendant Luce denies that Plaintiffs
are entitled to the relief sought.

71. Paragraph 71 contains a request for relief and a response is not required.  However,
to the extent a response is required, Defendant Luce denies Plaintiffs are entitled to
the relief sought.

72. Defendant Luce incorporates by reference all the foregoing responses contained in
paragraphs 1-71 of this Answer.

73. Paragraph 73 contains a characterization of Plaintiffs' case.  It also includes legal
conclusions, to which no response is required.

74. Paragraph 74 contains a characterization of Plaintiffs' case.  It also includes legal
conclusions, to which no response is required. Finally, it cites to and quotes several
opinions from different cases.  The cited opinions speak for themselves and are the
best evidence of their contents.

75. Paragraph 75 is a conclusion of law, to which no response is required. Furthermore, Defendant Luce is without sufficient knowledge or information to form a belief as to the allegation contained in paragraph 75, and therefore denies it.

76. Paragraph 76 is a conclusion of law, to which no response is required.

77. The first sentence of paragraph 77 is a conclusion of law, to which no response is required. The second sentence is a request for relief, to which no response is required. However, to the extent a response is required, Defendant Luce denies Plaintiffs are entitled to the relief sought.

78. Paragraph 78 includes a characterization of Plaintiffs' case. It also includes conclusions of law, to which no response is required. However, to the extent a response is required, Defendant Luce denies the allegations that Plaintiffs are likely to succeed on the merits of their claim, that Plaintiffs will suffer irreparable harm, and that the balance of harms weighs strongly in Plaintiffs' favor. Defendant Luce also denies that public interest weighs strongly in favor of Plaintiffs.

79. Paragraph 79 is a request for relief, to which no response is required. However, to the extent a response is required, Defendant Luce denies Plaintiffs are entitled to the relief sought.

80. Paragraph 80 is a request for relief, to which no response is required. However, to the extent a response is required, Defendant Luce denies Plaintiffs are entitled to the relief sought.

The remaining paragraphs of Plaintiffs' Complaint set forth Plaintiffs' request for relief and do not require a response. To the extent a response is required, Defendant Luce denies that Plaintiffs are entitled to any relief.

11

Defendant Luce hereby denies all allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction.

2. The case, as it applies to Defendant Luce, is not ripe.

3. The Plaintiffs do not have standing as to their action against Defendant Luce.

4. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

5. Defendant Luce reserves the right to assert such affirmative defenses that may appear applicable during the course of litigation.

WHEREFORE, Defendant Luce having fully answered Plaintiffs' Complaint for Injunctive and Declaratory Relief, and Attorney's Fees, respectfully requests this Court dismiss this action with prejudice, deny Plaintiffs' requested relief, and grant Defendant Luce any further relief as this Court deems appropriate.

Respectfully Submitted


By: /s/ Timothy J. Williams
Timothy J. Williams
Assistant Attorney General
Office of the Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508
twilliams@nmag.gov
Telephone:  (505) 490-4870
Facsimile:  (505) 490-4881

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2017, I filed a true and correct copy of the foregoing pleading through the CM/ECF system, which caused it to be served electronically on all counsel of record.


/S/ Timothy J. Williams
Timothy J. Williams