IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEOPLE FOR PEARCE and
U.S. REPRESENTATIVE STEVE E. PEARCE,

      Plaintiffs,

v.                                          2:17-cv-00752-JCH-SMV

MAGGIE TOULOUSE OLIVER, et al.,

      Defendants.

_____

**ANSWER OF SECRETARY OF STATE MAGGIE TOULOUSE OLIVER**

      Defendant Maggie Toulouse Oliver, Secretary of State of the State of New Mexico (the "Secretary") hereby answers the Complaint for Injunctive and Declaratory Relief, and Attorneys' Fees, [ECF No. 1] (the "Complaint"), by generally denying all of the allegations in the Complaint (including all allegations which the Secretary is without knowledge or information sufficient to admit or deny), except as may be specifically admitted or denied below:

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **1** of **24**

## THE NATURE OF THE ACTION[1]

1.      Paragraph 1 contains a statement of Plaintiffs' purpose and conclusions of law to which no response is required. The Secretary denies any remaining allegations in Paragraph 1.

2.      The Secretary admits only that Rep. Pearce has announced his intention to run for Governor of New Mexico in 2018. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2.

3.      Paragraph 3 contains Plaintiffs' conclusions of law to which no response is required. Furthermore, Paragraph 3 contains incomplete hypotheticals to which no response is required. The statutes and regulations indirectly referenced in Paragraph 3 speak for themselves and should be read and interpreted in their entirety. The Secretary denies any remaining allegations in Paragraph 3.

4.      The Secretary admits that her Office has advised Plaintiff People for Pearce that the contribution limits contained in the Campaign Reporting Act (the "CRA"), N.M. Stat. Ann. §§ 1-19-25 through 1-19-36, apply to a deposit of funds by a federal campaign committee into a state campaign committee fund. (*See* July 19, 2017, Letter from Blair to Canfield, Complaint,

---

[1] The subject headings included in this Answer are copied from the Complaint, and are included for purposes of organization only. To the extent any such heading is deemed an allegation, the Secretary denies all such headings.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **2** of **24**

Ex. M [ECF No. 1-2 at 80–82.]) The Secretary denies all remaining allegations in Paragraph 4. Paragraph 4 also contains Plaintiffs' conclusions of law, to which no response is required.

5.     Paragraph 5 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, the Secretary denies any allegations in Paragraph 5.

6.     The Secretary admits that then-Congressman Bill Richardson brought Case No. 93-cv-1135-JAP-RLP, titled *New Mexicans for Bill Richardson v. Gonzales* ("*NMBR*"), in the District Court for the District of New Mexico. The complaint in *NMBR* and Section 1-19-29.1(C) speak for themselves and should be read and interpreted in their entirety. The Secretary specifically denies ignoring *NMBR* in advising People for Pearce that the CRA's limits on campaign contributions apply to a proposed deposit of its funds into a state campaign. The Secretary further denies that *NMBR* is binding authority on this issue. The Secretary denies any remaining allegations in Paragraph 6.

7.     The Secretary admits that Plaintiffs have accurately quoted the language from Judge Parker's order on summary judgment in *NMBR*. Judge Parker's order speaks for itself and should be read and interpreted in its entirety. The Secretary specifically denies that Judge Parker's order binds the Secretary in this action. The Secretary denies all remaining allegations

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page 3 of 24

in Paragraph 7. Paragraph 7 also contains Plaintiffs' conclusions of law, to which no response is required.

8.      Paragraph 8 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, the Secretary denies any allegations in Paragraph 8.

9.      The Secretary specifically denies that she has flouted any order of the Court, including in *NMBR*, or that any rulings in *NMBR* are binding on this case. The remainder of Paragraph 9 contains a statement of Plaintiffs' intent in filing this lawsuit, to which no response is required. The Secretary denies any remaining allegations in Paragraph 9.

## THE PARTIES

10.      The Secretary specifically admits that Rep. Pearce is a member of the United States Congress, and has represented New Mexico's Second Congressional District in the United States House of Representatives from 2003-2009, and from 2011 to the present. The Secretary further admits that Rep. Pearce has announced his intent to run for Governor of New Mexico in 2018. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10.

11.      The Secretary is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **4** of 24

12.     The Secretary specifically admits that she is the Secretary of State of New Mexico and has various roles and responsibilities under New Mexico law, including roles and responsibilities set forth under Chapter 1, Article 19, and in Sections 1-19-26.2, 1-19-34.4, 1-19-34.6, and 8-4-5 of the New Mexico Statutes. Those statutory provisions speak for themselves and should be read and interpreted in their entirety. The Secretary denies any remaining allegations in Paragraph 12.

13.     Paragraph 13 contains no allegations against the Secretary, and therefore does not require a response. The cited statutory provisions speak for themselves and should be read and interpreted in their entirety.

14.     Paragraph 14 contains no allegations against the Secretary, and therefore does not require a response. The cited statutory provisions speak for themselves and should be read and interpreted in their entirety. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 14.

## JURISDICTION AND VENUE

15.     Paragraph 15 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, the Secretary denies that Plaintiffs have stated a claim under the cited statutory provisions, and therefore denies that the action arises under them. Additionally, Plaintiffs' hypothetical statements of jurisdiction that "may exist" under

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **5** of 24

52 U.S.C. § 30110 and of potential jurisdiction over later-added claims does not require a response.

16.     The Secretary specifically admits that she resides, works and holds office in the State of New Mexico. The remainder of Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, the Secretary specifically denies Plaintiffs' generalized statement that she "committed the acts alleged" in the Complaint. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 16.

17.     The Secretary specifically admits that she resides within the District of New Mexico and that venue over any otherwise-valid claim (the existence of which, as noted herein, is specifically denied) exists in this District. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 17.

LEGAL, PROCEDURAL, AND FACTUAL BACKGROUND

I.      **Federal Campaign-Finance Law**

18.     Paragraph 18 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, the Secretary admits that the Federal Election Campaign Act of 1971 ("FECA") generally applies to federal election campaigns. The cited

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **6** of 24

provisions of FECA speak for themselves and should be read and interpreted in their entirety. The Secretary denies any remaining allegations in Paragraph 18.

19.     Paragraph 19 contains Plaintiffs' conclusions of law, to which no response is required. The cited provisions of FECA speak for themselves and should be read and interpreted in their entirety. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 19.

20.     Paragraph 20 contains Plaintiffs' conclusions of law, to which no response is required. The cited provision of FECA speaks for itself and should be read and interpreted in its entirety. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 20.

21.     Paragraph 21 contains Plaintiffs' conclusions of law, to which no response is required. The cited provisions of FECA speak for themselves and should be read and interpreted in their entirety.

22.     Paragraph 22, including (1) footnotes 1-4 referenced therein, and (2) the table contained therein, contains Plaintiffs' conclusions of law, to which no response is required. The referenced provisions of FECA and cited regulation speak for themselves and should be read and interpreted in their entirety. The Secretary specifically denies that "this case concerns a candidate's (and his principal campaign committee's) right to expend his own funds." The

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **7** of **24**

Secretary is without knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 22.

23.     Paragraph 23 contains Plaintiffs' conclusions of law, to which no response is required. Paragraph 23 also contains an incomplete hypothetical, to which no response is required. To the extent a response is required, the Secretary is without knowledge or information sufficient to admit or deny the allegations in Paragraph 23, including additional factual detail regarding the hypothetical posed.

24.     Paragraph 24, including footnote 5, contains Plaintiffs' conclusions of law, to which no response is required. Paragraph 24 also contains incomplete hypotheticals, to which no response is required. The cited statute and regulation speak for themselves and should be read and interpreted in their entirety. To the extent a response is required, the Secretary is without knowledge or information to admit or deny the allegations in Paragraph 24, including additional factual detail regarding the hypotheticals posed.

## II.     PFP's Status

25.     The Secretary specifically admits that PFP has provided the New Mexico Secretary of State's Office with some records. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 25, including

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **8** of 24

regarding the history and activity of PFP, or that "all receipts and disbursements" were provided.

26.     The Secretary denies that Plaintiffs can accurately speak to the particular intent of donors. The Secretary further denies that restrictions on the use of contributions discourage donations. The Secretary is without knowledge or information sufficient to admit or deny Plaintiffs' allegations regarding PFP's solicitation and acceptance of funds. Additionally, Plaintiffs' citation to *NMBR* should be read and interpreted in its entirety. The remainder of Paragraph 26 contains an incomplete hypothetical, to which no response is required. To the extent a response is required, the Secretary is without knowledge or information sufficient to admit or deny these allegations, including additional factual detail regarding the hypothetical posed.

27.     Paragraph 27 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, the Secretary is without knowledge or information sufficient to admit or deny the allegations in Paragraph 27.

### III.     New Mexico Campaign-Finance Law

28.     Paragraph 28 contains Plaintiffs' conclusions of law, to which no response is required. The provisions of the CRA speak for themselves and should be read and interpreted in their entirety. To the extent a response is required, the Secretary admits that the CRA

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **9** of **24**

generally governs campaigns for elected office in New Mexico. The Secretary denies any remaining allegations in Paragraph 28.

29.   Paragraph 29 contains Plaintiffs' conclusions of law, to which no response is required. The cited provisions of the CRA speak for themselves and should be read and interpreted in their entirety. To the extent a response is required, the Secretary admits that she has the authority to adopt and promulgate regulations to implement the CRA, to seek to ensure voluntary compliance with the CRA, and to refer violations of the CRA to the attorney general or a district attorney. The Secretary denies any remaining allegations in Paragraph 29.

30.   Paragraph 30 contains Plainitiffs' conclusions of law, to which no response is required. The cited provision of the CRA speaks for itself and should be read and interpreted in its entirety.

31.   Paragraph 31 contains Plaintiffs' conclusions of law, to which no response is required. The cited provisions of the CRA, and the referenced provisions of FECA, speak for themselves and should be read and interpreted in their entirety. The remainder of Paragraph 31 contains an incomplete hypothetical, and the vague terms "non-contribution receipts" and "non-expenditure disbursements," to which no response is required. To the extent a response is required, the Secretary is without knowledge or information sufficient to admit or deny these allegations, including additional factual detail regarding the hypothetical posed.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **10** of **24**

32.     Paragraph 32, including (1) footnotes 6-7 referenced therein, and (2) the table contained therein, contains Plaintiffs' conclusions of law, to which no response is required. The referenced provisions of the CRA and the Secretary of State's Office publication speak for themselves and should be read and interpreted in their entirety. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32, including the history of PFP.

33.     Paragraph 33, including the table contained therein, contains Plaintiffs' conclusions of law, to which no response is required. The cited provisions of the CRA speak for themselves and should be read and interpreted in their entirety. The Secretary further incorporates her responses to the tables referenced in Paragraphs 22 and 32.

34.     Paragraph 34 contains Plaintiffs' conclusions of law, to which no response is required. Paragraph 34 also contains an incomplete hypothetical, to which no response is required. To the extent a response is required, the Secretary is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34.

35.     The Secretary admits that Paragraph 35 accurately quotes Section 1-19-29.1(C) NMSA. This subsection speaks for itself and should be read and interpreted in its entirety. The Secretary denies any remaining allegations in Paragraph 35, including any interpretation of Section 1-19-29.1(C) contained therein.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **11** of **24**

## IV.     The First Amendment's Effect on Campaign-Finance Law

36.     Paragraph 36 contains Plaintiffs' conclusions of law, to which no response is required. The cited and quoted cases therein speak for themselves, and should be read and interpreted in their entirety. To the extent a response is required, the Secretary admits that different levels of constitutional scrutiny generally apply to limitations on contributions and expenditures, and denies any remaining allegations in Paragraph 36.

37.     Paragraph 37 contains Plaintiffs' conclusions of law, to which no response is required. The cited cases therein speak for themselves, and should be read and interpreted in their entirety. The Secretary denies any characterization or commentary on these cases that is contrary to the cases themselves.

38.     Paragraph 38 contains Plaintiffs' conclusions of law, to which no response is required. The cited statute, regulation, and Secretary of State's Office publication therein speak for themselves, and should be read and interpreted in their entirety. Paragraph 38 also contains incomplete hypotheticals regarding third parties' actions, which require no response. To the extent a response is required, the Secretary specifically denies that "'coordinated expenditures' can be constitutionally limited while 'independent expenditures' cannot." The Secretary is without knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 38, including additional factual detail regarding the hypotheticals posed.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **12** of **24**

39.     Paragraph 39 contains Plaintiffs' conclusions of law, to which no response is required. The cited cases therein speak for themselves, and should be read and interpreted in their entirety. The Secretary denies any characterization or commentary on these cases that is contrary to the cases themselves, including specifically that "[t]he courts have strengthened the First Amendment's protections in relation to campaign finance substantially since 2010."

40.     Paragraph 40 contains Plaintiffs' conclusions of law, to which no response is required. The cited cases therein speak for themselves, and should be read and interpreted in their entirety. The Secretary denies any characterization or commentary on these cases that is contrary to the cases themselves, including specifically that "[t]he *King* and *McCutcheon* cases, in particular, display a striking hostility to spending restrictions justified only by the rationale that the restrictions help prevent circumvention of other campaign-finance limitations, or help make the overall campaign-finance regime easier to enforce." The Secretary denies any remaining allegations in Paragraph 40.

41.     Paragraph 41 is a quotation of two cases, which speak for themselves and should be read and interpreted in their entirety.

42.     Paragraph 42 contains Plaintiffs' conclusions of law, to which no response is required. The cited cases therein speak for themselves, and should be read and interpreted in

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **13** of **24**

their entirety. The Secretary denies any characterization or commentary on these cases that is contrary to the cases themselves, including specifically that "the addition of even more speech restrictions to avoid circumvention of [disclosure requirements] is likely to render those additional 'double-preventative' restrictions unconstitutional." The Secretary denies any remaining allegations in Paragraph 42.

## V.    This Court's 1996 Judgment Striking Down Subsection(C)

43.    The Secretary is without knowledge or information sufficient to admit or deny the allegations in Paragraph 43.

44.    The Secretary admits that former-Congressman Bill Richardson filed *NMBR* against former-Attorney General Tom Udall, former-Secretary of State Stephanie Gonzalez, and former-First Judicial District Attorney Henry Valdez. The Secretary admits that the complaint in *NMBR* included two causes of action, one for "violation of constitutional rights" and a second for "violation of federalism," and that the plaintiffs therein sought declaratory and injunctive relief. The complaint in *NMBR* speaks for itself and should be read and interpreted in its entirety. The Secretary is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 44, including whether Section 1-19-29.1 "posed a serious problem for Richardson's gubernatorial aspirations."

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **14** of **24**

45.     The Secretary admits that *NMBR* was dismissed on ripeness grounds and that the Tenth Circuit reversed that dismissal. The Tenth Circuit opinion cited in Paragraph 45 speaks for itself and should be read and interpreted in its entirety.

46.     The Secretary admits that cross-motions for summary judgment were filed in *NMBR*. The briefing on these summary judgment motions speaks for itself and should be read and interpreted in its entirety.

A.     The Defendants' Arguments in Support of Subsection (C)

47.     The quoted summary judgment brief in Paragraph 47 speaks for itself and should be read and interpreted in its entirety. To the extent Paragraph 47 contains Plaintiffs' conclusions of law, no response is required. To the extent a response is required, the Secretary admits that no campaign contribution limits existed in New Mexico at the time *NMBR* was litigated. The Secretary denies all remaining allegations in Paragraph 47.

48.     The quoted summary judgment brief in Paragraph 48 speaks for itself and should be read and interpreted in its entirety. To the extent Paragraph 48 contains Plaintiffs' conclusions of law, no response is required. The Secretary denies any remaining allegations in Paragraph 48.

49.     The quoted summary judgment brief in Paragraph 49 speaks for itself and should be read and interpreted in its entirety. To the extent Paragraph 49 contains Plaintiffs'

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **15** of **24**

conclusions of law, no response is required. The Secretary denies any remaining allegations in Paragraph 49.

50.     The quoted summary judgment brief in Paragraph 50 speaks for itself and should be read and interpreted in its entirety. To the extent Paragraph 50 contains Plaintiffs' conclusions of law, no response is required.

**B.     The District Court's Ruling**

51.     The Secretary admits that Judge Parker entered a Memorandum Opinion and Order in *NMBR* on August 2, 1996, wherein the Court granted plaintiffs' motion for summary judgment, and ruled that Section 1-19-29.1(C) violated the First Amendment of the United States Constitution on the basis that its language is impermissibly broad. Judge Parker's Opinion and Order speaks for itself and should be read and interpreted in its entirety.

52.     The Secretary admits that Judge Parker entered a final judgment in *NMBR* on August 2, 1996, and that the judgment included language that Section 1-19-29.1(C) is "declared void because it is in violation of [t]he Constitution of the United States of America." The Secretary denies any remaining allegations in Paragraph 52.

53.     The quoted opinion in Paragraph 53 speaks for itself and should be read and interpreted in its entirety. To the extent Paragraph 53 contains Plaintiffs' conclusions of law, no response is required.  The remaining averments in Paragraph 53 are conclusions of law to

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **16** of **24**

which no response is required. The Secretary denies any remaining allegations in Paragraph

53.

## VI.   The Positions and Interpretations of New Mexico Secretaries of State and Attorneys General Prior to Secretary Oliver and AG Balderas

54.   The Secretary is without knowledge or information sufficient to admit or deny

the allegations in Paragraph 54.

55.   The cited attorney general opinion in Paragraph 55 speaks for itself and should

be read and interpreted in its entirety. To the extent Paragraph 55 contains Plaintiffs'

conclusions of law, no response is required. The Secretary denies any remaining allegations in

Paragraph 55.

56.   The cited attorney general opinion in Paragraph 56 speaks for itself and should

be read and interpreted in its entirety. To the extent Paragraph 56 contains Plaintiffs'

conclusions of law, no response is required. The Secretary denies any remaining allegations in

Paragraph 56.

57.   The Secretary admits that William Canfield submitted an inquiry to the

Secretary of State's Office in April 2016. The Secretary further admits that Amy Bailey, then

general counsel at the Secretary of State's Office, emailed a letter dated June 15, 2016 to Mr.

Canfield (the "Bailey Letter"). The Secretary admits that the excerpts from the Bailey Letter in

Paragraph 57, save for the added emphasis on certain phrases, are accurate. The Bailey Letter

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **17** of **24**

speaks for itself and should be read and interpreted in its entirety. The Secretary is without knowledge or information sufficient admit or deny whether Mr. Canfield served as legal counsel to Rep. Pearce in connection with this exchange with Ms. Bailey.

## VII.    Secretary Oliver's Actions in the Summer of 2017

58.    The Secretary admits that Deputy Secretary of State John Blair engaged in an email exchange in June 2017 with Andrea Goff. The Secretary admits that the quoted excerpts from Mr. Blair's June 16, 2017, email (the "Blair Email") to Ms. Goff are accurate. The Blair Email speaks for itself and should be read and interpreted in its entirety. The Secretary of State denies any remaining allegations in Paragraph 58.

59.    The Secretary admits that Mr. Canfield sent a letter to the Secretary dated June 20, 2017 (the "Canfield Letter"). The Canfield Letter speaks for itself and should be read and interpreted in its entirety. The Secretary denies the remaining allegations in Paragraph 59.

60.    The Secretary denies that content in the Blair Email is illogical and any other characterizations of the Blair Email contained in Paragraph 60. Defendant admits that the quotes excerpted from the Canfield Letter are accurate. The Canfield Letter speaks for itself and should be read and interpreted in its entirety. The Secretary denies any remaining allegations in Paragraph 60.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **18** of **24**

61.     The Secretary denies the characterization that the Blair Email was "colored" by a previous communication with "representatives of [Rep.] Michelle Lujan Grisham." Defendant admits that the Canfield Letter includes content to that effect, and states that the Canfield letter should be read and interpreted in its entirety.

62.     The Secretary lacks knowledge or information sufficient to either admit or deny the allegations in Paragraph 62.

63.     The Secretary admits that on July 19, 2017, Mr. Blair sent a letter to Mr. Canfield (the "Blair Letter"). The Secretary admits that the quoted excerpts from the Blair Letter are accurate. The Blair Letter speaks for itself and should be read and interpreted in its entirety. The Secretary denies any characterizations or commentary in Paragraph 63 contrary to the plain language of the Blair Letter.

## COUNT I
## DECLARATORY AND INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS, IN THEIR OFFICIAL CAPACITIES, FOR (AND TO PREVENT FURTHER) VIOLATIONS OF THE FIRST AMENDMENT

64.     The Secretary incorporates her responses to each of the foregoing paragraphs, as set forth above.

65.     Paragraph 65 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 65.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **19** of **24**

66.     Paragraph 66 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 66.

67.     Paragraph 67 contains Plaintiffs' conclusions of law, to which no response is required. Paragraph 67 also contains a summary of Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the Secretary admits that an "actual controversy" exists for the purposes of Article III ripeness and the Declaratory Judgment Act, for only the issue of whether a deposit of funds by PFP into a state campaign account is subject to the contribution limits in the CRA. The Secretary denies that Plaintiffs are entitled to their requested declaratory judgment, and any other allegations in Paragraph 67.

68.     Paragraph 68 contains Plaintiffs' conclusions of law, to which no response is required. The cited statutes speak for themselves and should be read and interpreted in their entirety. To the extent Paragraph 68 makes allegations regarding the Secretary's attorney-client communications with the Attorney General's Office, no response is required as it would invade the attorney-client privilege. To the extent a response is required, the Secretary denies the allegations in Paragraph 68, including that "an injunction … is necessary and appropriate."

69.     The Secretary denies the allegations in Paragraph 69.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **20** of **24**

70.     Paragraph 70 contains a recitation of Plaintiffs' requested relief, to which no response is required. The Secretary denies that any such relief is merited.

71.     Paragraph 71 contains a recitation of Plaintiffs' requested relief, to which no response is required. The Secretary denies that any such relief is merited.

## COUNT II
## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS, IN THEIR OFFICIAL CAPACITIES, FOR (AND TO PREVENT FURTHER) VIOLATION OF THE EQUAL PROTECTION CLAUSE

72.     The Secretary incorporates her responses to each of the foregoing paragraphs, as set forth above.

73.     Paragraph 73 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 73.

74.     Paragraph 74 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 74.

75.     Paragraph 75 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 75.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **21** of **24**

76.     Paragraph 76 contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 76.

77.     Paragraph 77 contains Plaintiffs' conclusions of law, to which no response is required. Paragraph 77 also contains a summary of Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the Secretary admits that an "actual controversy" exists for the purposes of Article III ripeness and the Declaratory Judgment Act, for only the issue of whether a deposit of funds by PFP into a state campaign account is subject to the contribution limits in the CRA. The Secretary denies that Plaintiffs are entitled to their requested declaratory judgment, and any other allegations in Paragraph 77.

78.     The Secretary denies the allegations in Paragraph 78.

79.     Paragraph 79 contains a recitation of Plaintiffs' requested relief, to which no response is required. The Secretary denies that any such relief is merited.

80.     Paragraph 80 contains a recitation of Plaintiffs' requested relief, to which no response is required. The Secretary denies that any such relief is merited.

## PRAYER FOR RELIEF

The Secretary denies that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" Paragraph.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **22** of **24**

## AFFIRMATIVE DEFENSES

As affirmative defenses, the Secretary alleges and states as follows:

1.      Plaintiffs have failed in whole or in part to state a claim upon which relief can be granted, including without limitation, for a declaratory judgment or injunctive relief.

2.      Plaintiffs have failed to state a claim upon which attorney's fees may be granted.

3.      Plaintiffs' claims, in whole or in part, are nonjusticiable.

4.      Plaintiffs lack standing, including because they have not suffered an injury in fact and because there is no likelihood of an injury in fact.

5.      Plaintiffs have suffered no harm, including irreparable harm, as a result of the Secretary's actions.

6.      The Secretary has not violated Plaintiffs' First or Fourteenth Amendment rights.

7.      The Secretary reserves the right to amend or supplement this Answer and Affirmative Defenses as discovery and litigation progresses and as the facts and circumstances surrounding this litigation become known.

WHEREFORE, the Secretary requests a judgment that Plaintiffs are not entitled to any of the relief sought, including a declaratory judgment, injunctive relief, or attorney's fees.

Respectfully Submitted,

By: _/s/ Nicholas M. Sydow_____

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **23** of 24

Sean Cunniff
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
Tel: (505) 490-4829
Fax: (505) 490-4881
scunniff@nmag.gov

and

Nicholas M. Sydow
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM  87102
Tel.: (505) 717-3571
Fax: (505) 490-4881
nsydow@nmag.gov

*Attorneys for Secretary of State*
*Maggie Toulouse Oliver*

## CERTIFICATE OF SERVICE

I certify that on September 19, 2017, I served the foregoing on counsel of record for

all parties via the CM/ECF system.

/s/ Nicholas M. Sydow
Nicholas M. Sydow

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Answer of Secretary of State Maggie Toulouse Oliver
Page **24** of **24**