IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEOPLE FOR PEARCE and
U.S. REPRESENTATIVE STEVE E. PEARCE,

    Plaintiffs,

v.                                                                    2:17-cv-00752-KRS-SMV

MAGGIE TOULOUSE OLIVER, et al.,

    Defendants.

SECRETARY OF STATE MAGGIE TOULOUSE OLIVER'S
MOTION TO DISMISS CLAIMS AGAINST THE SECRETARY OF STATE
<u>IN HER INDIVIDUAL CAPACITY AND CLAIMS FOR INJUNCTIVE RELIEF</u>

    Although Plaintiffs' complaint names the Secretary of State as a defendant in her individual capacity, all of the complaint's allegations or claims are brought against the Secretary in her official capacity. The "Counts" of the complaint makes this clear: each is expressly brought against and seeks relief from Defendants only in their official capacities. Even if Plaintiffs could amend their complaint to assert claims against the Secretary in her individual capacity, such claims would be futile. The complaint does not allege specific actions by the Secretary herself. And the actions of the Secretary of State's Office it does challenge—the issuance of an opinion letter and a theoretical, future referral for prosecution—are protected by absolute immunity. Any other possible claim against the Secretary in her

individual capacity would at least be subject to qualified immunity, which would bar liability. Therefore, the Court should dismiss any claims against the Secretary of State in her individual capacity.

Also, Plaintiffs' request for injunctive relief should be dismissed given the presumption that government officials will comply with any declaratory judgment the Court may issue. The Supreme Court has recognized that injunctive relief often is not necessary against governmental defendants and risks undermining principles of federalism when a federal court unnecessarily enjoins the actions of a state officer. A declaratory judgment would be sufficient to provide any relief warranted should Plaintiffs prevail on any of their claims.

The Secretary of State consulted Plaintiffs as to their position regarding this Motion, pursuant to Local Rule 7.1(a). Plaintiffs informed the Secretary that they oppose the Motion.

## I.    The Legal Standard for a Motion to Dismiss.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement of the claim requires some factual detail. Claims that are implausible or fail to "raise a right to relief above the speculative level" must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "To determine whether the claim to relief is 'plausible on its face,' we examine the elements of the particular claim and review whether the plaintiff

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **2** of **14**

has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sanchez v. U.S. Dep't of Energy*, No. 16-2056, 2017 WL 3974511, at *11 (10th Cir. Sept. 11, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While the Court is required to accept Plaintiffs' factual allegations as true for the purposes of a motion to dismiss, this presumption does not apply to legal conclusions. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678. In particular, "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (internal quotation marks and citation omitted).

II. **Plaintiffs Have Failed to State Any Claims—and Cannot State Any Claims—Against the Secretary of State in Her Individual Capacity.**

Plaintiffs' complaint contains no claims or allegations against the Secretary of State in her individual capacity. Without this detail, any attempt by Plaintiffs to assert such individual

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **3** of **14**

claims should be dismissed. Even if Plaintiffs intend to amend their complaint to assert claims against the Secretary in her individual capacity, a proposed amendment cannot prevent dismissal. Any claims against the Secretary of State related to the allegations of the complaint would be barred by absolute or qualified immunity.

    a. *The Complaint Contains No Allegations or Claims Against the Secretary in Her Individual Capacity.*

"Individual capacity 'suits seek to impose personal liability upon a government official for actions he takes under color of state law.'" *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "[I]t is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity … that the complaint make clear exactly who is alleged to have done what to whom … as distinguished from collective allegations." *Brown*, 662 F.3d at 1165 (internal quotation marks and citation omitted).

Plaintiffs' complaint contains no explanation of any claims against the Secretary of State in her individual capacity, let alone the specific allegations required by this Circuit. The only mention of individual-capacity claims in the complaint is in the caption. The two "Counts" of Plaintiffs' complaint seek "declaratory judgment and injunctive relief against all Defendants, in their *official* capacities…." (Compl. Inj. & Decl. Relief, & Attorneys' Fees (ECF No. 1) (the

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **4** of **14**

"Complaint") at 23, 25.) There simply is no claim for relief against the Secretary in her individual capacity stated in the complaint.

Nor can an individual-capacity claim be cobbled together from the allegations of Plaintiffs' complaint. The complaint does not allegations of particular actions by the Secretary herself, as opposed to members of her staff, that Plaintiffs are challenging. This is not enough to establish individual liability under Section 1983. "§ 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). Additionally, Plaintiffs are not seeking the relief available for an individual-capacity claim, monetary damages, but limit their claims to injunctive and declaratory relief. *See Brown*, 662 F.3d at 1163 (individual-capacity claim seeks to impose personal liability). Without any substance supporting a claim against the Secretary of State in her individual capacity, the Court should dismiss Plaintiffs' threadbare efforts to assert such a claim.

> b. *Any Potential Claims Against the Secretary of State in Her Individual Capacity Would Be Barred by Absolute or Qualified Immunity.*

Even if Plaintiffs contend that they can amend their complaint to include a claim against the Secretary of State in her individual capacity, the Court should grant this Motion to Dismiss as this amendment would be futile. There is no suggestion in the complaint that

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **5** of 14

Plaintiffs are alleging specific behavior by the Secretary that has resulted in recoverable monetary damages. And if there is some contention, not apparent in the complaint, against the Secretary in her individual capacity, she would be immune from this claim. Claims based on the issuance of a formal opinion letter or the referral of a case for prosecution are barred by absolute immunity. Any other claim arising out of the Secretary's official duties is at least barred by qualified immunity, which is warranted in any dispute regarding the application of the Campaign Reporting Act's contribution limits to Plaintiffs' proposed deposit of federal funds into a state campaign.

1. <u>Absolute Immunity Bars Claims Based on Prosecution Referrals and Opinion Letters.</u>

If Plaintiffs were to assert a claim against the Secretary of State based on any actions that she took or might take in a prosecutorial capacity, it would be barred by absolute immunity. First, any potential, future decision to refer a case for prosecution under Section 1-19-34.6(A) cannot support a claim against the Secretary of State in her individual capacity.[1] Actions in "initiating a prosecution" are absolutely immune from liability under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

---

[1] Of course, any such claim would also be dismissible on ripeness grounds.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **6** of **14**

When a public official, including the Secretary of State, refers a case to a prosecutor for potential prosecution, that referral also cannot support a claim under Section 1983. To the extent the Secretary is somehow joining or participating in the prosecution, she would share in the prosecutor's immunity. See Pestrak v. Ohio Elections Comm'n, 926 F.3d 573, 578 (6th Cir. 1991). To the extent the Secretary is merely referring a matter for prosecution, her action cannot comprise a constitutional violation. As the Sixth Circuit explained in considering a referral for prosecution by Ohio's Elections Commission:

> "To the extent the Commission is a formal adjunct of the prosecutor's office, it would share in its immunity. To the extent it does nothing more than recommend, then its actions per se, have no official weight and cannot be the cause of a deprivation of constitutional rights. In the same sense, a newspaper, Congressman, or private citizen urging a prosecutor to bring a certain prosecution is not performing an official act, any more than are various officials who 'may refer matters to the Justice Department' for a decision on prosecution."

Id. Thus, any attempt by Plaintiffs to base a claim for damages upon the Secretary's theoretical referral of a case for prosecution cannot succeed.

Likewise, the Secretary of State is absolutely immune from any claim based on her office's issuance of an opinion letter regarding the application of campaign contribution limits to Rep. Pearce's state campaign. (See Complaint, Ex. M (opinion letter of John Blair to William Canfield).) In Goldschmidt v. Patchett, the Seventh Circuit held that the State's attorney was protected by absolute immunity from First Amendment claims under Section 1983 based on

People for Pearce v. Oliver, Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **7** of **14**

his issuance of an opinion letter applying a state statute to an advertising method. 686 F.2d 582, 585 (7th Cir. 1982); *see also Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir. 1992) (opinion letter from state supreme court is a judicial function subject to absolute immunity). Similarly here, where the Secretary of State issues opinion letters discussing whether potential behavior could contravene state laws, potentially subjecting a party to prosecution, that action is absolutely immune under Section 1983.

2. <u>Qualified Immunity Bars Any Remaining Claims.</u>

Any other claims against the Secretary of State in her individual capacity that Plaintiffs could add to their complaint would be precluded by qualified immunity. "Public officials enjoy qualified immunity from civil actions brought against them in their individual capacities and that arise out of the performance of their duties." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 864 (10th Cir. 2016) (internal quotation marks and citation omitted). "To overcome qualified immunity, a plaintiff must show that (1) the public official violated the plaintiff's constitutional rights; and (2) these rights were clearly established at the time of the alleged violation. This standard, by design, gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Id.* at 864–65 (internal quotation marks and citation omitted). Because qualified immunity "is 'the norm' in private actions against public officials, officials enjoy a presumption of immunity when the defense of

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **8** of **14**

qualified immunity is raised." *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013) (citation omitted).

Regardless of the merits of Plaintiffs' claims,[2] it is not clearly established that applying the Campaign Reporting Act's contribution limits to a federal campaign's deposit of funds into a state campaign violates the First Amendment. "Whether a right is 'clearly established' is an objective test. … In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Brown*, 662 F.3d at 1164 (internal quotation marks and citation omitted).

Plaintiffs have offered no authority from the Supreme Court, the Tenth Circuit, or any other appellate court holding that the application of state campaign contribution limits to a deposit of funds by a federal campaign into a state campaign fund is unconstitutional. The Secretary of State is aware of no such case. To the contrary, the federal government and many states have precisely such laws, none of which—to our knowledge—has been invalidated. 11 CFR 110.3(d) prohibits the inverse of the situation here: the deposit of funds by a state

---

[2] As discussed in the briefing on Plaintiffs' Motion for Preliminary Injunction, the Secretary maintains that her interpretation of the Campaign Reporting Act is constitutional. (Sec'y of State Maggie Toulouse Oliver's Resp. Mot. Prelim. Inj. (ECF No. 23), at 9–17.) But this issue need not be decided to resolve whether any constitutional rights are clearly established and whether Plaintiffs' potential claims are barred by qualified immunity.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **9** of **14**

campaign into a federal campaign fund. Based on our current research, the Secretary of State believes at least twenty-six other states prevent or apply contribution limits to a federal campaign's contribution of funds a state campaign for the same candidate. *See, e.g.,* Hawai'i Campaign Spending Commission, Advisory Op. 09-01 (Aug. 11, 2009), available at

http://ags.hawaii.gov/campaign/legal-resources/advisory-opinions/advisory-opinion-09-01/

(accessed Oct. 3, 2017); Ky. Rev. Stat. Ann. §121.150(21) (prohibiting contribution from funds in a federal campaign account to any candidate for state office); La. Stat. Ann. § 18:1505.2(P) (funds subject to FECA shall not be contributed to state campaign); Wis. Stat. Ann. § 11.1101(4) (applying campaign contribution limits to "other persons," who by operation of the statute's definitions include a federal campaign committee).

Plaintiffs will likely argue that *New Mexicans for Bill Richardson v. Gonzales*, Case No. 93-CV-1135-JAP-RLP (D.N.M.) ("*NMBR*") clearly establishes their constitutional claims. But *NMBR* does not come close to providing the clearly-established law needed to defeat qualified immunity. First, *NMBR* is an unpublished district court opinion, not the Supreme Court opinion, Tenth Circuit opinion, or "weight of authority from other courts" needed to clearly establish law. *Brown*, 662 F.3d at 1164. Furthermore, *NMBR* is not an opinion regarding the application of campaign contribution limits to a federal-to-state contribution, as New Mexico had no contribution limits in place at the time of the case. (*See* Sec'y of State Maggie Toulouse

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page 10 of 14

Oliver's Resp. Mot. Prelim. Inj. (ECF No. 23), at 3, 14.) This is not enough or sufficiently relevant precedent to subject a public official to personal liability.

Therefore, even if Plaintiffs tried to assert a claim against the Secretary in her individual capacity that was not barred by absolute immunity, it would be precluded by qualified immunity. Plaintiffs' claims against the Secretary of State in her individual capacity should be dismissed.

### III.   Injunctive Relief Is Unwarranted Given the Presumption that the Secretary of State Will Comply with Any Declaratory Judgment.

Plaintiffs' request for injunctive relief alongside a declaratory judgment needlessly asks the Court to interfere with the operations of state government. Injunctions by a federal court against a state officer should be only issued where necessary, to respect the independence of state governments and principles of federalism. Because it is presumed that a government officer will comply with a declaratory judgment, parallel injunctive relief is unnecessary and Plaintiffs' claims for injunction should be dismissed.

The Supreme Court has recognized that it is assumed that government officials will comply with declaratory judgments, and therefore that injunctions will usually be unnecessary:

> "We have recognized that although ordinarily the practical effect of injunctive relief and declaratory relief will be virtually identical, a district court can generally protect the interests of a federal plaintiff by entering a declaratory

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **11** of **14**

> judgment, and therefore the stronger injunctive medicine will be unnecessary. It is correct that generally a court will not enjoin the enforcement of a criminal statute even though unconstitutional, since such a result seriously impairs the State's interests in enforcing its criminal laws, and implicates the concerns for federalism which lie at the heart of *Younger*. But this is not an absolute policy and in some circumstances injunctive relief may be appropriate. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights."

*Wooley v. Maynard*, 430 U.S. 705, 711–12 (1977) (citations, internal quotation marks, and some punctuation omitted); *see also Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) (presumption that governmental officers will adhere to the law as declared by the court); *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir. 1985) (Scalia, J.) (same).

If the Court were to find that the Secretary's interpretation and application of the Campaign Reporting Act is unconstitutional, the Secretary will comply with any final declaratory judgment. Therefore, injunctive relief would not be necessary and would only serve to formally command a state officer, harming federal-state relations. In such circumstances, Plaintiffs' claims for injunctive relief should be dismissed.

## IV. Conclusion.

Apart from the merits of this action, Plaintiffs' complaint contains improper, unsupported claims that should be dismissed. Plaintiffs' complaint does not allege any substantiated claims against the Secretary of State in her individual capacity. Therefore,

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **12** of **14**

Plaintiffs' attempt to bring individual-capacity claims against the Secretary should be dismissed. Furthermore, Plaintiffs' claims for injunctive relief should be dismissed as they are unnecessary and improper unless and until a declaratory judgment is entered against Defendants and that declaratory judgment is not followed.

                               Respectfully Submitted,

                               By: */s/ Nicholas M. Sydow*
                               Sean Cunniff
                               Assistant Attorney General
                               Post Office Drawer 1508
                               Santa Fe, NM 87504-1508
                               Tel: (505) 490-4829
                               Fax: (505) 490-4881
                               scunniff@nmag.gov

                               and

                               Nicholas M. Sydow
                               Assistant Attorney General
                               111 Lomas Blvd. NW, Suite 300
                               Albuquerque, NM  87102
                               Tel.: (505) 717-3571
                               Fax: (505) 490-4881
                               nsydow@nmag.gov

                               *Attorneys for Secretary of State*
                                         *Maggie Toulouse Oliver*

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **13** of **14**

<u>CERTIFICATE OF SERVICE</u>

I certify that on October 5, 2017, I served the foregoing on counsel of record for all parties via the CM/ECF system.

              /s/ Nicholas M. Sydow
              Nicholas M. Sydow

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Secretary of State Maggie Toulouse Oliver's Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **14** of **14**