## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PEOPLE FOR PEARCE and STEVE E. PEARCE,<br>U.S. Representative for New Mexico's Second<br>Congressional District<br>_____<br>Plaintiff(s)<br><br>v.<br><br>MAGGIE T. OLIVER, in her individual capacity and<br>her official capacity as Secretary of State of the State<br>of New Mexico; HECTOR H. BALDERAS, JR., in<br>his individual capacity and his official capacity as<br>Attorney General of the State of New Mexico; and<br>DIANNA LUCE, in her official capacity as Fifth<br>Judicial District Attorney of New Mexico,<br>_____<br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)  Case No. 2:17-cv-00752-JCH-SMV<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ATTORNEY GENERAL HECTOR H. BALDERAS'
## REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO
## STATE A CLAIM, LACK OF STANDING, AND IMMUNITY

Plaintiffs' response to the Attorney General's Motion to Dismiss consists of generalized

and unsupported arguments.  None of these arguments refutes the basic facts that support the

Attorney General's motion to dismiss.

### ARGUMENT

### I. The *Richardson* Case is Distinguishable

Plaintiffs Response argues that New Mexicans for Bill Richardson v. Gonzales, Case No.

93-CV-1135-JAP-RLP (D.N.M.) ("NMBR") clearly establishes their constitutional claims. (Doc.

34) at 4-8.  NMBR does not come close to providing the clearly-established law needed to defeat

qualified immunity. First, NMBR is an unpublished district court opinion, not the Supreme Court

opinion, Tenth Circuit opinion, or "weight of authority from other courts" needed to clearly establish law. *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Furthermore, NMBR is not an opinion regarding the application of campaign contribution limits to a federal-to-state contribution, as New Mexico had no contribution limits in place at the time of the case. (Doc. 23) at 3, 14.

## II. Plaintiffs have not met the Burden of Establishing Standing

The burden of establishing standing rests on the plaintiff. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Plaintiffs' response has done nothing to further substantiate its standing against the Attorney General in this case. Plaintiffs simply reiterate their allegations from the Complaint. (Doc.1). "It is a long-settled principle that standing cannot be inferred argumentatively form averments in the pleading but rather must affirmatively appear in the record." *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) (Henry, J.) (quoting *FW/PBS v. City of Dallas*, 493 U.S. at 231). Plaintiffs still have not proven in any way that there is a credible threat of prosecution in this matter. For a more in depth analysis of the standing issue refer to Balderas' Response to Motion for Preliminary Injunction (Doc. 22) at 2-5.

## III. Abstention

Plaintiffs' contentions that Defendant Balderas' arguments would preclude a state law-enforcement official from being instructed by a court to forego a prosecution is wholly absurd. *See* Resp. (Doc. 34) at 1-3. Rather, the *Younger* Court envisions the most appropriate time to challenge the validity of a statute is as a defense in a state court prosecution. *Younger v. Harris*, 401 U.S. 37 at 45, 91 S.Ct.746, 27L.Ed.2d 669 (1971). (*citing Fenner v. Boykin,* 271 U.S. 240, 243-244, 46 S.Ct. 492, 70 L.Ed. 927 (1926)).

<u>IV. No Allegations or Claims have been made against the
Attorney General in His Individual Capacity</u>

Plaintiffs acknowledge in their response "there are currently no individual-capacity claims against any of the Defendants." (Doc. 34) at 2.  "Individual capacity 'suits seek to impose personal liability upon a government official for actions he takes under color of state law.'" Brown, 662 F.3d at 1164. "[I]t is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity … that the complaint make clear exactly who is alleged to have done what to whom … as distinguished from collective allegations." Brown, 662 F.3d at 1165 (internal quotation marks and citation omitted). As Plaintiffs' complaint contains no explanation of any claims against the Attorney General in his individual capacity, let alone the specific allegations required by this Circuit, coupled with the admission of the Plaintiffs, claims against the Attorney General individually must be dismissed.

**CONCLUSION**

Plaintiffs' suit against the Attorney General suffers from basic and fatal deficiencies. The complaint fails to allege what the Attorney General did, in his official or individual-capacity, and why Plaintiffs are entitled to relief as a result. Whether analyzed under the doctrines of ripeness, standing, failure to state a claim, or immunity, the complaint comes up short. Plaintiffs have not alleged a legal basis to sue the Attorney General.  Therefore the Attorney General respectfully

requests that the Court enter a motion to dismiss in its favor.

Respectfully submitted,


By: _/s/ Rebecca C.  Branch_____
Rebecca C. Branch
Assistant Attorney General
P.O. Box 1508
Santa Fe, New Mexico 87504-1508
(505) 490-4825
(505) 490-4881 (fax)
rbranch@nmag.gov


I hereby certify that a true and correct
copy of the above pleading was served
on all attorneys of record through
the U.S. District Court's electronic
filing system on the 11th day of October,
2017.

__/s/ Rebecca C. Branch_____
Rebecca C. Branch