IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PEOPLE FOR PEARCE and STEVE E. PEARCE, U.S. Representative for New Mexico's Second Congressional District,<br><br>   Plaintiffs,<br><br>vs.<br><br>MAGGIE T. OLIVER, in her individual capacity and her official capacity as Secretary of State of the State of New Mexico; HECTOR H. BALDERAS, JR., in his individual capacity and his official capacity as Attorney General of the State of New Mexico; and DIANNA LUCE, in her official capacity as Fifth Judicial District Attorney of New Mexico,<br><br>   Defendants. | Case No. 2:17-cv-00752-JCH-SMV |

**PLAINTIFFS' EMERGENCY MOTION TO EXCLUDE THE TESTIMONY OF SENATOR DEDE FELDMAN AT PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION HEARING**

Plaintiffs respectfully request, on an emergency basis, that the Court exclude the testimony of Dede Feldman at the October 16, 2017 hearing on Plaintiffs' Motion for Preliminary Injunction (Doc. No. 16) (filed 8/31/17). Defendant Maggie T. Oliver ("the Secretary") has indicated that she intends to call former state senator Dede Feldman as a witness at the upcoming preliminary injunction hearing. *See* Secretary's Witness List ¶ 3, at 2 (Doc. No. 38) (filed Oct. 13, 2017). The Secretary states that she intends to examine Sen. Feldman about "her involvement in and ***the legislative history and purpose*** of the 2009 amendments to the Campaign Reporting Act that created campaign contribution limits in New Mexico." *Id.* (emphasis added). This is inappropriate testimony that Sen. Feldman is not legally competent to

give, and the Plaintiffs therefore ask the Court to exclude Sen. Feldman from providing such testimony at the October 16 hearing.

The proposition that a federal court should not allow a legislator or group of legislators to testify about the legislative intent, history, or proper interpretation of a statute is well established – both when the legislature in question is the U.S. Congress and when it is a state legislature. *See*, *e.g.*, *Bread Political Action Comm. v. FEC*, 455 U.S. 577, 582 n.3 (1982) (holding that courts "cannot give probative weight to the[] affidavits [of a senator], however, because such statements represent only the personal views of this legislator, since the statements were made after passage of the Act" (internal quotation marks, brackets, and citations omitted)); *Foreman v. Dallas Cnty., Tex.*, 193 F.3d 314, 322 (5th Cir. 1999) ("No one legislator, or even a group of three legislators, has sufficient personal knowledge to declare the overall intent of the Texas legislature."); *S.C. Educ. Ass'n v. Campbell*, 883 F.2d 1251, 1260 (4th Cir. 1989) ("We hold that the district court erred in admitting, over the appellants' objections, the testimony of present and past members of the General Assembly as to legislative motive.  The Supreme Court has counseled that placing decisionmakers on the stand in order to uncover the motivation behind an official action is 'usually to be avoided.'"  (citing *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977))); *Suber v. Bulloch Cnty. Bd. of Educ.*, 722 F. Supp. 736, 747 (S.D. Ga. 1989) ("Defendants correctly state the legal proposition that the testimony of a legislator as to the legislative intent of a statute is inadmissible."); 22A Wright & Miller, *Federal Practice and Procedure* § 5200 (2d ed.) (laying out, as a "substantive rule of evidence," that "courts usually refuse to allow an individual legislator to testify to the intent of a statue"); 2A Norman J. Singer, *Statutes and Statutory Construction* § 48:12 (6th ed. 2000) ("A lone legislator is not competent to testify about the intent of a statute, even if he or she authored it.

There is not necessarily a correlation between the understanding and intent of a draftsman and the understanding and intent of the legislature.").

Furthermore, it is the Court's task to interpret state law the way the state courts have or would interpret it, and New Mexico's courts have made exceptionally and repeatedly clear that New Mexico state law is to be interpreted without reference to testimony by individual legislators.  *See U.S. Brewers Ass'n, Inc. v. Dir. of the N.M. Dep't of Alcoholic Bev. Cntrl.*, 1983-NMSC-059, ¶¶ 9-10 ("Testimony of individual legislators or others as to happenings in the Legislature is incompetent, since that body speaks solely through its concerted action as shown by its vote. . . .  Statements of legislators, after the passage of the legislation, however, are generally not considered competent evidence to determine the intent of the legislative body enacting a measure.  In New Mexico, legislative intent must be determined primarily by the legislation itself." (emphases and citations omitted)); *Regents of the Univ. of N.M. v. N.M. Fed. of Teachers*, 1998-NMSC-020, ¶ 32 ("If the testimony of actual legislators is not recognized as competent, then statements from citizens who drafted early versions of legislation are even less competent.  The same can be said of descriptions by labor representatives of what their constituents desired from a particular piece of legislation."); *State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 35; *TBCH, Inc. v. City of Albuquerque*, 1994-NMCA-048, ¶ 20; *Claridge v. N.M. State Racing Comm'n*, 1988-NMCA-056, ¶ 27.

For these reasons, it is plainly inappropriate for Sen. Feldman to testify about the "legislative history and purpose" of amendments to the New Mexico Campaign Reporting Act.  Sen. Feldman is not competent to testify about the intent of the entire New Mexico Legislature regarding the Campaign Reporting Act, or of the New Mexico Governor in signing amendments

to the Act into the law. Her testimony is therefore inadmissible and can and should be excluded in this case.

## CONCLUSION

Therefore, the Plaintiffs ask the Court to exclude the testimony of former New Mexico senator Dede Feldman at its hearing on the Plaintiffs' motion for preliminary injunction. Because the hearing is set for this coming Monday, Plaintiffs request that the Court consider the instant Motion on an emergency basis.

                          Respectfully submitted,

                          PEIFER, HANSON & MULLINS, P.A.


                          By: */s/ Carter B. Harrison IV*
                                Matthew R. Hoyt
                                Carter B. Harrison IV
                          P.O. Box 25245
                          Albuquerque, NM 87125
                          Tel:    (505) 247-4800
                          Fax:   (505) 243-6458
                          Email: mhoyt@peiferlaw.com
                                    charrison@peiferlaw.com

                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of October, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic File:

Sean Cunniff
Office of the Attorney General
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
Tel: (505) 490-4829
Fax: (505) 490-4881
scunniff@nmag.gov

Nicholas M. Sydow
Office of the Attorney General
Assistant Attorney General
201 3rd Street NW, Suite 300
Albuquerque, NM 87102
Tel.: (505) 717-3571
Fax: (505) 490-4881
nsydow@nmag.gov

*Attorneys for Defendant Oliver*

Rebecca C. Branch
Office of the Attorney General
Assistant Attorney General
201 Third Street NW, Suite 300
Albuquerque, NM 87102
Tel: (505) 490-4825
Fax: (505) 490-4881
rbranch@nmag.gov

*Attorney for Defendant Balderas*

Timothy J. Williams
Office of the Attorney General
Assistant Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504
Tel: (505) 490-4870
Fax: (505) 490-4881
twilliams@nmag.gov

*Attorney for Defendant Luce*

PEIFER, HANSON & MULLINS, P.A.

By: */s/ Carter B. Harrison IV*
          Carter B. Harrison IV