IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEOPLE FOR PEARCE and
U.S. REPRESENTATIVE STEVE E. PEARCE,

    Plaintiffs,

v.                                          2:17-cv-00752-KRS-SMV

MAGGIE TOULOUSE OLIVER, et al.,

    Defendants.

**REPLY IN SUPPORT OF THE
MOTION TO DISMISS CLAIMS AGAINST THE SECRETARY OF STATE
IN HER INDIVIDUAL CAPACITY AND CLAIMS FOR INJUNCTIVE RELIEF**

Plaintiffs acknowledge the basic facts that support this Motion: 1) their complaint alleges no claims against the Secretary of State in her individual capacity; and 2) permanent injunctions are not warranted against state officers absent exceptional circumstances. Instead of contesting these facts, Plaintiffs spend much of their response expressing confusion about the relief the Secretary requests and addressing issues tangential to these fundamental points. The arguments that Plaintiffs do make regarding the dismissal of individual capacity and permanent injunction claims do not offer any basis for keeping these claims in the complaint. Therefore, the Secretary's Motion to Dismiss claims against the Secretary in her individual capacity and for a permanent injunction should be granted.

    **I.**    **Plaintiffs' Complaint States No Claim Against the Secretary in Her Individual Capacity, Nor Do Plaintiffs Suggest That the Complaint Could Be Amended to Include Any Such Claim.**

In their Response, Plaintiffs acknowledge that they have sued the Secretary in her individual capacity while asserting no claims against her. (Pls.' Resp. Opp. Sec'y State Oliver's Mot. Dismiss Claims Against Her in Her Indiv. Capacity & Claims Inj. Relief (the "Response")

at 11 (ECF No. 48) (stating that the Secretary is "conceding" that the complaint contains no claims or allegations against the Secretary in her individual capacity). This is a plain basis for dismissing the Secretary in her individual capacity. That dismissal should be with prejudice, because Plaintiffs have suggested no amendment of their complaint or offered any basis for a potentially viable claim against the Secretary in her individual capacity.

Plaintiffs' suit against the Secretary in her individual capacity without any supporting allegations is an empty claim that is properly dismissed. As Plaintiffs note, citing to *Behrens v. Pelletier*, when deciding a motion to dismiss the Court should consider a "defendant's conduct *as alleged in the complaint*…." (Response at 12 (citing 516 U.S. 299, 309 (1996)).) Here, there are no allegations in the complaint against the Secretary in her individual capacity. And so, Plaintiffs have failed to state an individual-capacity claim against the Secretary.

Courts routinely dismiss a party in these circumstances—where the party is named in the caption but without any supporting allegations in the complaint. *See, e.g., Laquerre v. McCormick*, 2017 WL 3741550, at *2 (W.D. Ark. Aug. 30, 2017) (listing of defendant in caption without allegations in complaint is failure to state a claim, warranting dismissal); *K.J. v. Greater Egg Harbor Reg'l High Sch.*, 2016 WL 7489046, at *2 (D.N.J. Dec. 30, 2016) ("The Court also finds, in light of Plaintiffs' acknowledgment that there are no claims against Defendant Cerf in his individual capacity, that Defendant Cerf should be terminated from this case."); *Murray v. Birmingham Bd. of Educ.*, 2013 WL 4482687, at *2–*3 (N.D. Ala. Aug. 19, 2013) (dismissing defendants in individual capacities where no claims against them); *Danos v. Jones*, 721 F. Supp. 2d 491, 495 (E.D. La. 2010) (interpreting a complaint as only stating claims against defendants in official capacity where named individually in caption, but no individual claims asserted in the complaint); *Corcoran v. N.Y. Power Auth.*, 935 F. Supp. 376, 391 (S.D.N.Y. 1996) (listing

People for Pearce v. Oliver, Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **2** of **13**

defendant in caption without supporting allegations is failure to state a claim). Here too, Plaintiffs' absence of allegations against the Secretary in her individual capacity merits her dismissal.

Plaintiffs attempt to justify their inclusion of the Secretary in her individual capacity in the caption, but none of these arguments explains why she should remain a party to this case. First, Plaintiffs argue that the Secretary would not have brought this motion if she were not sued in her individual capacity. (Response at 12–13.) This is true, of course—the individual-capacity claim is the subject of this motion. But it does not refute the fundamental fact that an individual-capacity defendant is a party distinct from an officer in her official capacity. And a plaintiff must have a claim against the individual-capacity defendant to remain in the case.

Indeed, Plaintiffs acknowledge that "it is inappropriate to name additional parties as defendants to a suit when there are no claims against them," but asserts without authority that this rule is somehow different when you are suing an officer in her individual and official capacities. (Response at 12–13.) This is not correct. "[A] person sued in his official capacity is a different party, in contemplation of law, than the same person sued in his individual capacity." *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986) (acts performed by the same person in two different capacities are generally treated as the transactions of two different legal personages). Plaintiffs cannot rely upon their claims against the Secretary in her official capacity to keep the Secretary in her individual capacity as a defendant in the case.

Second, Plaintiffs assert that "individual-capacity claims for compensatory and punitive damages could be brought against" the Secretary, but that they did not bring such claims so to avoid complicating the case. (Response at 13.) Most importantly, claims that could have been

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **3** of **13**

brought—but were not—cannot preclude a motion to dismiss. But there is also no substance to Plaintiffs' contention that they could have brought viable claims against the Secretary in her individual capacity. As Plaintiffs acknowledge, "the Plaintiffs do not currently know enough about [the Secretary's] conduct … to assess whether that conduct gives rise to additional claims…." (Response at 13.) Furthermore, any potential claims against the Secretary arising out of the issues in this lawsuit are barred by absolute or qualified immunity. (*See* Sec'y State Maggie Toulouse Oliver's Mot. Dismiss Claims Against Sec'y State in Her Individual Capacity & Claims Inj. Relief ("Motion") at 5–11 (ECF No. 36); *infra* pp. 4–7.)

Plaintiffs' last explanation for suing the Secretary in her individual capacity is that they wish to take advantage of a relation-back amendment under Federal Rule of Civil Procedure 15(c) for any future claims. (Response at 13.) But Plaintiffs offer no authority for the contention that preserving future claims is a valid basis for suing a defendant against whom a plaintiff makes no allegations. To the contrary, such defendants are regularly dismissed. (*See supra* pp. 2–3.)

Although the absence of any claims against the Secretary in her individual capacity certainly warrants her dismissal in some form, that dismissal should be with prejudice because there is no suggestion Plaintiffs can amend their complaint to bring a viable claim. Indeed, Plaintiffs do not request to amend their complaint to assert a claim against the Secretary in her individual capacity and acknowledge that they do not know enough to make such a claim. (*See* Response at 13.) Additionally, as explained in the Motion to Dismiss, even if Plaintiffs had a basis for making an individual-capacity claim against the Secretary, it would be barred by absolute or qualified immunity. If necessary, these defenses should be resolved by the Court on

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **4** of **13**

this Motion to Dismiss, the earliest possible stage. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

To state a claim against the Secretary in her individual capacity, Plaintiffs would need to make specific allegations against the Secretary, alleging personal participation in the deprivation of Plaintiffs' constitutional rights. (*See* Motion at 4–5.) Even the allegations that can be generously inferred from Plaintiffs' complaint and other pleadings, all taken as true, do not suggest a constitutional tort. All the Secretary is alleged of doing is making a legal determination interpreting and applying the contribution limits in the Campaign Reporting Act. And even if the Secretary in the future were to refer a violation of the Campaign Reporting Act for prosecution, that could not violate Plaintiffs' constitutional rights, because the referral would only be a recommendation to another governmental officer to prosecute. (*See* Motion at 6–7 (discussing *Pestrak v. Ohio Elections Comm'n*, 926 F.3d 573, 578 (6th Cir. 1991).)

If the issuance of an opinion letter or a referral for prosecution could deprive Plaintiffs of their constitutional rights, these actions still would be subject to absolute immunity. (*See* Motion at 6–7 (referral for prosecution), 7–8 (opinion letters).) Plaintiffs challenge the sufficiency of the authority the Secretary cites for these propositions—at least as applied to opinion letters, but offer no contrary cases. (*See* Response at 14 n.9.[1]) And the application of absolute immunity in these circumstances makes sense. If an opinion letter can deprive constitutional rights, it either does so as a quasi-judicial act, entitling the Secretary to absolute immunity, *see Butz v. Economou*, 438 U.S. 478, 514 (1978) (absolute immunity for quasi-judicial functions), or as part of the prosecution process which also is absolutely immune. (*See* Motion at 6–7.)

---

[1] In this footnote, Plaintiffs also only address *Goldschmidt v. Patchett*, not the other case about opinion letters that the Secretary cites, *Partington v. Gedan*. (Motion at 7–8.)

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **5** of **13**

Plaintiffs note that absolute immunity does not apply to actions that are primarily investigative or administrative. (Response at 14.) While this is true of tasks well-removed from judicial and prosecutorial functions, like human resources actions, any claim here still would be subject to absolute immunity.[2] Indeed, the very premise of Plaintiffs' action is that they are potentially subject to prosecution. (*See* Pls.' Mot. Prelim. Inj. at 3 (ECF No. 16) (seeking injunction "against any enforcement action" based on Secretary's interpretation).) If Plaintiffs' case is about the threat of a prosecution, it is one that cannot sustain a claim against the Secretary in her individual capacity. Any attempted claim against the Secretary in her individual capacity either would not allege a constitutional deprivation or would be barred by absolute immunity.

If some claim could be asserted that averted these obstacles, it would still be barred by qualified immunity. (*See* Motion at 8–11.) Plaintiffs offer no clearly-established law—cases from the Supreme Court, Tenth Circuit, or a wealth of authority from other appellate courts[3]— that the application of campaign contribution limits to a deposit of federal funds into a state race is unconstitutional. Tellingly, not a single such case is discussed in their Response. In contrast, the Secretary cites to numerous other states and the federal government which apply contribution limits or prohibit the deposit of federally-raised campaign funds into a state election (or, in the federal instance, the obverse). (Motion at 9–10.)

---

[2] Even investigative and administrative tasks are absolutely immune where connected to a prosecution. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) ("[W]e and other courts have recognized that absolute immunity may attach even to such administrative and investigative activities when those functions are necessary so that a prosecutor may fulfill his function as an officer to the court." (internal quotation marks omitted).)

[3] Plaintiffs cite to *Currier v. Duran* for their suggestion that the *NMBR* opinion can constitute clearly established law. (Response at 14.) Yet *Currier* merely cites the general rules that Supreme Court, Tenth Circuit, or the clearly established weight of authority from other courts is needed to clearly establish law, and that such authority need not be exactly on point. 242 F.3d 905, 923 (10th Cir. 2001).

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **6** of **13**

Judge Parker's opinion in *New Mexicans for Bill Richardson v. Gonzales* ("*NMBR*") does not govern this case, let alone comprise the clearly-established law needed to defeat qualified immunity. (*See* Motion at 10–11.) Crucially, *NMBR* is not a case about contribution limits at all, which didn't exist in New Mexico at the time. *NMBR* concerned the absolute prohibition on the use of federal funds in state elections, which Judge Parker concluded could not be justified as an anti-corruption measure where the State's only interest, as of 1996, in excluding federal funds was ensuring compliance with disclosure laws. (*NMBR*, Mem. Op. & Order at 2–3, attached to Compl. Inj. & Decl. Relief as Ex. F (ECF No. 1-2).)

*NMBR* is inapposite to this case. It is not an opinion about the constitutionality of contribution limits. But the Court need not decide its relevance to determine that qualified immunity exists. All the Court needs to do is note that an unpublished, district court opinion about a different law, in different circumstances, does not clearly establish constitutional law. Whether any potential claim against the Secretary in her individual capacity would fail to allege a constitutional deprivation or would be barred by absolute or qualified immunity, Plaintiffs cannot state an individual-capacity claim against the Secretary and she should be dismissed.

## II.    Plaintiffs Have Not Established the Exceptional Circumstances and Clear Necessity Needed for a Permanent Injunction Against a State Officer.

The Secretary maintains that the application of New Mexico's campaign contribution limits to Plaintiffs' proposed deposit of federal funds into a state race is constitutional. But if the Court decides otherwise, a permanent injunction should not be entered against the Secretary where a declaratory judgment would suffice.

Plaintiffs suggest that there is some confusion as to whether the Secretary seeks to dismiss claims of a preliminary injunction, a permanent injunction, or both. (*See* Response at 2.)

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **7** of **13**

As made clear in the Secretary's response to Plaintiffs' Motion for Preliminary Injunction and at the preliminary injunction hearing, the Secretary has defended the request for preliminary injunction on the merits and does not contend that it is barred by *Younger* or other federalism principles—principally, because no prosecution is pending. (*See generally* Sec'y State's Resp. Mot. Prelim. Inj. (ECF No. 23).) Thus, Plaintiffs' arguments about the propriety of a motion to dismiss claims for preliminary injunction are immaterial. (*See* Response at 3–6.)

The Secretary briefly notes, however, that Plaintiffs' assertion that "the *Younger* doctrine poses no obstacle to the attainment of a preliminary injunction," Response at 6, is incorrect. *Doran v. Salem Inn* held only that "on the facts of [that] case" *Younger* did not apply to the issuance of a preliminary injunction, because a criminal prosecution was not pending. 422 U.S. 922, 930 (1975). Plaintiffs' other authority for the contention that *Younger* does not apply on preliminary injunction is dicta in a footnote of a case from the Middle District of Alabama. (Response at 6 (quoting *Summit Med. Assocs., P.C. v. James*, 984 F. Supp. 1404, 1435 n.18 (M.D. Ala. 1998)).) To the contrary, courts routinely apply and affirm the application of *Younger* abstention to requests for preliminary injunction. *See, e.g., Meredith v. Oregon*, 312 F.3d 807 (9th Cir. 2003) (considering *Younger* on preliminary injunction); *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of State of Utah*, 240 F.3d 871 (10th Cir. 2001) (same); *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (applying *Younger* abstention to determine no likelihood of success in preliminary injunction analysis).

More importantly, Plaintiffs do not refute the high standard for obtaining a *permanent* injunction against a state officer: that Plaintiffs show "exceptional circumstances and clear necessity" for a permanent injunction. (Response at 3.) The Supreme Court's opinion in *Wooley v. Maynard* exemplifies what constitutes exceptional circumstances and clear necessity. There,

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **8** of **13**

the plaintiff had already been arrested three times for the challenged activity and been jailed for two weeks. 430 U.S. 705, 712 (1977). As then-Judge Gorsuch noted, this is "a circumstance 'quite different from … when a prosecution is threatened for the first time.'" *Blazier v. Larson*, 433 Fed. Appx. 334, 337 (10th Cir. Oct. 4, 2011) (quoting *Wooley*, 430 U.S. at 712). In this case, Plaintiffs have not been threatened with prosecution, let alone prosecuted multiple times and jailed. Rather, the Secretary has consistently followed court orders, including the rulings in *NMBR* and *Republican Party of New Mexico v. King*, 850 F. Supp. 2d 1208 (D.N.M. 2012).

Plaintiffs' authorities do not support any suggestion that the lofty standards for obtaining a permanent injunction against a state officer have been lowered. Then-Judge Gorsuch's opinion in *Blazier v. Larson* confirms that the "exceptional circumstances and clear necessity" standard remains the law of this circuit. 433 Fed. Appx. at 337. The other authorities Plaintiffs cite do not refute this principle. *Ealy v. Littlejohn* is a *preliminary* injunction case, not an opinion about the standards for issuing permanent injunctions. 569 F.2d 219, 222, 232 (5th Cir. 1978). In *Griffin v. Bryant*, this Court issued a permanent injunction, but the issue of whether a declaratory injunction was sufficient relief seemingly was not raised. 30 F. Supp. 3d 1139, 1200 (D.N.M. 2014) (discussing adequacy of remedy *at law*, not in equity). And the treatises Plaintiffs cite do not suggest that the "exceptional circumstances" standard has been altered. Those sources either simply acknowledge that the standard is sometimes met, as in *Wooley* (e.g., Wright & Miller and Nowak & Rotunda), or include an assertion without authority that permanent injunctions are regularly issued (e.g., Chemerinsky). Assuming it is correct that permanent injunctions are routinely granted, it is likely because the issue of their sufficiency vis-à-vis a declaratory injunction is not litigated.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **9** of **13**

In contrast with these generalized statements, cases where the propriety of permanent injunctions has been litigated illustrate that only a declaratory judgment should be issued against a state officer absent compelling, extreme circumstances. In *Planned Parenthood Southeast v. Strange*, the district court declined to issue a permanent injunction where the State represented that it would follow a declaratory judgment:

> "[B]ecause the court now declares the subsection facially invalid, there is no apparent threat of future prosecution. The State has represented as much to the court, stating unequivocally that it will not enforce the subsection should this court hold it to be unconstitutional. Because the court presumes that the State will adhere to this representation in good faith, it cannot hold that injunctive relief is necessary in order to afford adequate protection of constitutional rights."

172 F. Supp. 1275, 1292 (M.D. Ala. 2016). Other cases have followed the same logic, including in First Amendment challenges. *See, e.g., Oneida v. Madison County*, 665 F.3d 408, 442 (2d Cir. 2011) (concluding that a declaratory judgment is sufficient where a permanent injunction is not necessary); *Torries v. Hebert*, 111 F. Supp. 2d 806, 824 (W.D. La. 2000) (declining to find extraordinary circumstances and issue permanent injunction against district attorney in First Amendment case); *Trimble v. City of New Iberia*, 73 F. Supp. 2d 659, 668 (W.D. La. 1999) (same, in First Amendment case against city).

There are no allegations in Plaintiffs' complaint that—even if fleshed out by discovery—warrant a permanent injunction. The Secretary has expressed her willingness to follow a final declaratory judgment in this case (*see* Motion at 12), and there is no history of the Secretary's non-compliance with court orders. Plaintiffs' contention that the Secretary is not following the ruling in *NMBR* misconstrues that case as a "ruling that the First Amendment forbids limiting expenditures of FECA funds in a New Mexico state race." (Response at 9). *NMBR* makes no such sweeping holding, but simply holds that an absolute bar on the use of federal funds—and

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **10** of **13**

without considering the application of, and State interest in, campaign contribution limits in preventing corruption—cannot survive First Amendment scrutiny. (*See supra* p. 7.) This is not a determination that time has changed *NMBR's* result (*see* Response at 9), but the recognition that *NMBR* is not a ruling about contribution limits, because none existed in 1996. Any suggestion implication that the Secretary is inclined to disregard court rulings (*see* Response at 9–10), is belied by the Secretary's history of following court orders, including in *NMBR*.

Plaintiffs' remaining arguments to stave off dismissal are similarly unpersuasive. First, Plaintiffs' contention that a permanent injunction would not impinge upon the Secretary's authority or duties ignores that a federal court's command of a state officer is itself an imposition that undermines federalism and should only be exercised where necessary.[4] The broad injunction—and broader than the scope of Plaintiffs' as-applied challenge—that Plaintiffs suggest demonstrates this danger: that the Court "dictate that she regulate FECA-raised money the same way she regulates CRA-raised funds." (Response at 10.) Such a ruling would impose a sweeping inhibition on New Mexico's campaign finance regulation.

Next, Plaintiffs claim that they would be harmed absent a permanent injunction because it would hamper their campaign activities. (Response at 10.) While this argument repeats Plaintiffs' case for a *preliminary* injunction, it fails to explain how a declaratory judgment that is followed by the Secretary would restrict their campaign. As in most cases, "the practical effect of injunctive and declaratory relief will be virtually identical." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) (punctuation omitted).

---

[4] This argument also suggests that the Secretary needs to establish an unwarranted restriction on her duties to defeat a claim for a permanent injunction. To the contrary, it is up to Plaintiffs to demonstrate the exceptional circumstances warranting such relief.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **11** of **13**

Lastly, Plaintiffs contend that the dismissal of their claim for permanent injunction is, at least, premature. (Response at 11.) Yet, without any facts in the complaint warranting a permanent injunction, dismissal is appropriate. The "complaint must plead sufficient facts" to defeat a motion for summary judgment. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). There are no allegations or a basis in the complaint suggesting the exceptional circumstances needed for a permanent injunction, including Plaintiffs' suggestion in the Response that the Secretary's application of the Campaign Reporting Act could have been politically motivated. (*See* Response at 11.) In fact, the evidence in this case demonstrates political even-handedness—with the Secretary offering identical advice to Republican and Democratic candidates and the Secretary offering the same advice as her Republican predecessor. (*See* Sec'y State's Resp. Mot. Prelim. Inj. at 5–6 (ECF No. 23).)

### III.   Conclusion.

As Plaintiffs acknowledge, they make no allegations against the Secretary in her individual capacity. Without such allegations, the Secretary in her individual capacity must be dismissed. This dismissal should be with prejudice given the futility of any amendment of the complaint to add such claims, which Plaintiffs have not asked to do. Additionally, the Court should dismiss Plaintiffs' claim for permanent injunction. Even if Plaintiffs prevail, a declaratory judgment is sufficient to protect their rights. Plaintiffs have alleged no facts supporting the exceptional circumstances and clear necessity that merits a federal court dictate the actions of a state officer. Therefore, the Secretary of State respectfully requests that the Court grant her Motion to Dismiss.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **12** of **13**

Respectfully Submitted,


By: */s/ Nicholas M. Sydow*
Sean Cunniff
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
Tel: (505) 490-4829
Fax: (505) 490-4881
scunniff@nmag.gov

and

Nicholas M. Sydow
Assistant Attorney General
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM  87102
Tel.: (505) 717-3571
Fax: (505) 490-4881
nsydow@nmag.gov
*Attorneys for Maggie Toulouse Oliver*


## CERTIFICATE OF SERVICE

I certify that on November 2, 2017, I served the foregoing on counsel of record for all parties via the CM/ECF system.

          /s/ Nicholas M. Sydow
          Nicholas M. Sydow

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Reply in Support of the Motion to Dismiss Claims Against the Secretary of State in Her Individual Capacity and Claims for Injunctive Relief
Page **13** of **13**