# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PEOPLE FOR PEARCE and STEVE E. PEARCE,
U.S. Representative for New Mexico's Second
Congressional District

      Plaintiffs

vs.                                                      Case No. 2:17-cv-00752-JCH-SMV

MAGGIE T. OLIVER, in her official capacity
as Secretary of State of the State of New Mexico;
HECTOR H. BALDERAS, JR., in his official
capacity as Attorney General of the State of New
Mexico; and DIANNA LUCE, in her official
capacity as Fifth Judicial District Attorney
of New Mexico,

      Defendants.

## ATTORNEY GENERAL HECTOR BALDERAS'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND ATTORNEYS' FEES.

Defendant Hector Balderas, in his official capacity as Attorney General, by and through his counsel Assistant Attorney General Rebecca C. Branch, hereby answers Plaintiffs' Complaint for Injunctive and Declaratory Relief, and Attorneys' Fees as follows:

1. The first paragraph of Plaintiffs' Complaint is a characterization of their case and complaint, to which no response is required. It also contains a conclusion of law, to which no response is required. To the extent a response is required, Attorney General Balderas is without sufficient knowledge or information to form a belief as to why Plaintiffs have brought this action, and therefore deny the allegation.

2. Attorney General Balderas admits the allegations contained in the first sentence of

1

paragraph 2. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegations contained in the second sentence of paragraph 2, and therefore denies them.

3. The allegations in paragraph 3 are conclusions of law, to which no response is required.

4. Paragraph 4 contains allegations that are a characterization of the Plaintiffs' case, to which no response is required. To the extent a response is required, Attorney General Balderas is without sufficient knowledge or information to form a belief and therefore denies the allegations in paragraph 4.

5. Paragraph 5 is a conclusion of law, to which no response is required.

6. Paragraph 6 is a conclusion of law, to which no response is required. To the extent a response is required, Attorney General Balderas denies that the issue in the Richardson case is the same issue in this case.

7. The first sentence in Paragraph 7 is a conclusion of law, to which no response is required. The document speaks for itself and should be read in its entirety.

8. Paragraph 8 contains conclusions of law, to which no response is required.

9. Regarding the allegation in paragraph 9 as it pertains to Attorney General Balderas, it is denied. Further, Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegation with respect to the other defendants and therefore denies it.

10. Based on information and belief, Attorney General Balderas admits the allegations contained in paragraph 10.

11. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegations in paragraph 11, and therefore denies them.

12. Attorney General Balderas admits that Defendant Oliver is the Secretary of State of the State of New Mexico. The remaining allegations in paragraph 12 are conclusions of law, to which no response is required.

13. Attorney General Balderas admits that he is the Attorney General for the State of New Mexico. The remaining allegations in paragraph 13 are conclusions of law, to which no response is required.

14. Attorney General Balderas admits that Defendant Luce is the District Attorney for the Fifth Judicial District of New Mexico, which covers Chaves, Eddy, and Lea Counties. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the residency of Plaintiff People for Pearce, and therefore denies the allegation. Attorney General Balderas admits that Plaintiff Pearce is a resident of Lea County. The remaining allegations in paragraph 14 are conclusions of law, to which no response is required.

15. The allegations in paragraph 15 are conclusions of law, to which no response is required.

16. The allegations in paragraph 16 are conclusions of law, to which no response is required.

17. The allegations in paragraph 17 are conclusions of law, to which no response is required.

18. The allegations in paragraph 18 are conclusions of law, to which no response is required.

19. The allegations in paragraph 19 are conclusions of law, to which no response is required.

20. The allegations in paragraph 20 are conclusions of law, to which no response is required.

21. The allegations in paragraph 21 are conclusions of law, to which no response is required.

22. The allegations in paragraph 22 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas acknowledges that the chart contains the federal contribution limits to candidates on the dates stated.

23. The allegations in paragraph 23 are conclusions of law, to which no response is required.

24. The allegations in paragraph 24 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited law speaks for itself and should be read in its entirety.

25. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegations in paragraph 25, and therefore denies them.

26. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegation contained in the first sentence of paragraph 26, and therefore denies it.  The allegation contained in the second sentence is a conclusion of law, to which no response is required.

27. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegations in paragraph 27, and therefore denies them.

28. The allegations in paragraph 28 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

29. The allegations in paragraph 29 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

30. The allegations in paragraph 30 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

31. The allegations in paragraph 31 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

32. The allegations in paragraph 32 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas acknowledges that the chart contains the state contribution limits to candidates on the dates stated.

33. The allegation in paragraph 33 is a conclusion of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

34. The allegation in paragraph 34 is a conclusion of law, to which no response is required.

35. The allegation in paragraph 35 is a conclusion of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that

the cited and quoted law speaks for itself and should be read in its entirety.

36. The allegation in paragraph 36 is a conclusion of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

37. The allegations in paragraph 37 are conclusions of law, to which no response is required.

38. The allegations in paragraph 38 are characterizations of the Plaintiffs' case and conclusions of law, to which no response is required.

39. The allegations in paragraph 39 are conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

40. The allegations in paragraph 40 are conclusions of law, to which no response is required.  To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

41. The allegations in paragraph 41 include quotations from different cases, which speak for themselves and are the best evidence of their contents.  Paragraph 41 also includes conclusions of law, to which no response is required.

42. The allegations in paragraph 42 include quotations from different cases, which speak for themselves and are the best evidence of their contents.  Paragraph 42 also includes conclusions of law, to which no response is required.

43. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegations in paragraph 43, and therefore denies them.

44. The allegations in paragraph 44 include conclusions of law, to which no response is required.  Paragraph 44 also includes quotations from a court pleading in a different case, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegations in paragraph 44.

45. Paragraph 45 includes quotations from a court opinion in a different case, which speaks for itself and should be read in its entirety and is the best evidence of its contents.  Additionally, paragraph 45 includes conclusions of law, to which no response is required.

46. The allegations in paragraph 46 are references to pleadings in a different case, which speaks for itself and should be read in its entirety and is the best evidence of its contents.

47. The allegations in paragraph 47 include quotations from pleadings in a different case, which speaks for itself and is the best evidence of its contents.  The allegations also include conclusions of law, to which no response is required.  Finally, Attorney General Balderas is without sufficient knowledge or information to form a belief as to Plaintiffs' speculative allegation of how Secretary Oliver may try to frame the issues in this case, and therefore denies it.

48. The allegations in paragraph 48 include quotations from pleadings in a different case, which speak for themselves and are the best evidence of their contents.  The allegations also include conclusions of law, to which no response is required.

49. The allegations in paragraph 49 include quotations from pleadings in a different case, which speaks for itself and is the best evidence of its contents.  The allegations

also include conclusions of law, to which no response is required.

50. The allegations in paragraph 50 include conclusions of law, to which no response is required. To the extent an answer is required, Attorney General Balderas states that the cited and quoted law speaks for itself and should be read in its entirety.

51. The allegations in paragraph 51 include a quotation from a court opinion in a different case, which speaks for itself and is the best evidence of its contents. The allegations also include a conclusion of law, to which no response is required.

52. Paragraph 52 includes a quotation from a judgment in a different case, which speaks for itself and should be read in its entirety and is the best evidence of its contents. It also includes a conclusion of law, to which no response is required.

53. The allegations in paragraph 53 include quotations from a court opinion in a different case, which speaks for itself and is the best evidence of its contents. The allegations also include conclusions of law, to which no response is required.

54. Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegation contained in paragraph 54, and therefore denies it.

55. Paragraph 55 contains citation to a 2007 advisory opinion, which speaks for itself and is the best evidence of its contents. Paragraph 55 also includes conclusions of law, to which no response is required.

56. Paragraph 56 contains citation to, and quotation of, a 2009 advisory opinion, which speaks for itself and is the best evidence of its contents. Paragraph 56 also includes conclusions of law, to which no response is required.

57. Paragraph 57 contains a characterization of Plaintiffs' case. It also cites and quotes an exchange of letters between Plaintiff Pearce's counsel and a former attorney with

Defendant's Oliver's predecessor, which speak for themselves and are the best evidence of their contents. Paragraph 57 also includes conclusions of law, to which no response is required.

58. Paragraph 58 cites and quotes an email response from Deputy Secretary of State Blair and attorney Andrea Goff, which speaks for itself and is the best evidence of its contents. Paragraph 58 also includes conclusions of law, to which no response is required.

59. Paragraph 59 contains a characterization of Plaintiffs' case. It also cites and quotes a letter from an attorney for Plaintiff Pearce, which speaks for itself and is the best evidence of its contents. Paragraph 59 also includes a conclusion of law, to which no response is required.

60. Paragraph 60 contains a characterization of Plaintiffs' case. It also cites and quotes a letter from an attorney for Plaintiff Pearce, which speaks for itself and is the best evidence of its contents. Paragraph 60 also includes conclusions of law, to which no response is required.

61. Paragraph 61 contains a characterization of Plaintiffs' case. It also cites a letter from an attorney for Plaintiff Pearce, which speaks for itself and is the best evidence of its contents. Furthermore, Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegation in paragraph 61, and therefore deny it.

62. Based on information and belief, Attorney General Balderas admits the allegation in paragraph 62.

63. Paragraph 63 cites and quotes a letter from Deputy Secretary Blair, which speaks for

itself and is the best evidence of its contents.  Paragraph 63 also includes conclusions of law, to which no response is required.

64. Attorney General Balderas incorporates by reference all the foregoing responses contained in paragraphs 1-63 of this Answer.

65. Paragraph 65 contains a characterization of Plaintiffs' case.  It also includes conclusions of law, to which no response is required.

66. Paragraph 66 contains a characterization of Plaintiffs' case.  It also includes conclusions of law, to which no response is required.  Finally, it cites and quotes an opinion from a different case, which speaks for itself and is the best evidence of its contents.

67. Paragraph 67 contains a characterization of Plaintiffs' case.  It also includes conclusions of law, to which no response is required.  Finally, the last sentence is a request for relief and does not require a response.  However, to the extent a response is required, Attorney General Balderas denies Plaintiffs are entitled to the relief sought.

68. Paragraph 68 contains Plaintiffs' conclusions of law, to which no response is required. The cited statutes speak for themselves and should be read and interpreted in their entirety. To the extent Paragraph 68 makes allegations regarding the Secretary's attorney-client communications with the Attorney General's Office, no response is required as it would invade the attorney-client privilege. To the extent a response is required, the Attorney General denies the allegations in Paragraph 68, including that "an injunction … is necessary and appropriate."

69. Paragraph 69 includes a characterization of Plaintiffs' case.  It also includes

conclusions of law, to which no response is required. However, to the extent a response is required, Attorney General Balderas denies the allegations that Plaintiffs are likely to succeed on the merits of their claim, that Plaintiffs will suffer irreparable harm, and that the balance of harms weighs strongly in Plaintiffs' favor. Attorney General Balderas also denies that public interest weighs strongly in favor of Plaintiffs.

70. Paragraph 70 contains a request for relief, to which a response is not required. However, to the extent a response is required, Attorney General Balderas denies that Plaintiffs are entitled to the relief sought.

71. Paragraph 71 contains a request for relief and a response is not required. However, to the extent a response is required, Attorney General Balderas denies Plaintiffs are entitled to the relief sought.

72. Attorney General Balderas incorporates by reference all the foregoing responses contained in paragraphs 1-71 of this Answer.

73. Paragraph 73 contains a characterization of Plaintiffs' case. It also includes legal conclusions, to which no response is required.

74. Paragraph 74 contains a characterization of Plaintiffs' case. It also includes legal conclusions, to which no response is required. Finally, it cites to and quotes several opinions from different cases. The cited opinions speak for themselves, should be read in their entirety and are the best evidence of their contents.

75. Paragraph 75 is a conclusion of law, to which no response is required. Furthermore, Attorney General Balderas is without sufficient knowledge or information to form a belief as to the allegation contained in paragraph 75, and therefore denies it.

76. Paragraph 76 is a conclusion of law, to which no response is required. To the extent an answer is required, Attorney General Balderas denies that he has violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

77. The first sentence of paragraph 77 is a conclusion of law, to which no response is required. The second sentence is a request for relief, to which no response is required. However, to the extent a response is required, Attorney General Balderas denies Plaintiffs are entitled to the relief sought.

78. Paragraph 78 includes a characterization of Plaintiffs' case. It also includes conclusions of law, to which no response is required. However, to the extent a response is required, Attorney General Balderas denies the allegations that Plaintiffs are likely to succeed on the merits of their claim, that Plaintiffs will suffer irreparable harm, and that the balance of harms weighs strongly in Plaintiffs' favor. Attorney General Balderas also denies that public interest weighs strongly in favor of Plaintiffs.

79. Paragraph 79 is a request for relief, to which no response is required. However, to the extent a response is required, Attorney General Balderas denies Plaintiffs are entitled to the relief sought.

80. Paragraph 80 is a request for relief, to which no response is required. However, to the extent a response is required, Attorney General Balderas denies Plaintiffs are entitled to the relief sought.

The remaining paragraphs of Plaintiffs' Complaint set forth Plaintiffs' request for relief and do not require a response. To the extent a response is required, Attorney General Balderas denies that Plaintiffs are entitled to any relief.

Attorney General Balderas hereby denies all allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. The Court lacks jurisdiction.

2. The case, as it applies to Attorney General Balderas, is not ripe.

3. The Plaintiffs do not have standing as to their action against Attorney General Balderas.

4. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

5. Attorney General Balderas reserves the right to assert such affirmative defenses that may appear applicable during the course of litigation.

WHEREFORE, Attorney General Balderas having fully answered Plaintiffs' Complaint for Injunctive and Declaratory Relief, and Attorney's Fees, respectfully requests this Court dismiss this action with prejudice, deny Plaintiffs' requested relief, and grant Attorney General Balderas any further relief as this Court deems appropriate.

Respectfully Submitted

By: /s/ Rebecca C. Branch
Rebecca C. Branch
Assistant Attorney General
Office of the Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508
rbranch@nmag.gov
Telephone: (505) 490-4825
Facsimile: (505) 490-4881

## CERTIFICATE OF SERVICE

  I hereby certify that on December 12, 2017, I filed a true and correct copy of the foregoing pleading through the CM/ECF system, which caused it to be served electronically on all counsel of record.

              /s/Rebecca C. Branch
              Rebecca C. Branch