IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PEOPLE FOR PEARCE and**
**U.S. REPRESENTATIVE STEVE E. PEARCE,**

    **Plaintiffs,**

v.                                         2:17-cv-00752-KRS-SMV

**MAGGIE TOULOUSE OLIVER, et al.,**

    **Defendants.**

## JOINT FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs People for Pearce and Steve E. Pearce and Defendants Maggie Toulouse Oliver, Hector Balderas, and Dianna Luce jointly submit the following findings of fact and conclusions of law. These findings and conclusions reflect the history of this litigation, and the parties' interpretation of the Court's Memorandum Opinion and Order (Doc No. 51) granting Plaintiffs' motion for preliminary injunction. These findings and conclusions further reflect the Parties' effort and desire to resolve this litigation, provide certainty to the public, the State, and candidates regarding the campaign finance rules that govern elections in New Mexico, and to avoid the burden and expense of future litigation.

### Findings of Fact

1)    Plaintiffs filed this action seeking a declaratory judgment and injunctive relief permitting them to transfer the funds held in People for Pearce's Federal Election

Campaign Act (FECA) candidate account to Pearce for New Mexico's candidate account under the New Mexico Campaign Reporting Act (CRA), notwithstanding the CRA's contribution limits codified at N.M. Stat. Ann. § 1-19-34.7 (the "Proposed FECA-to-CRA Transfer"). *See generally* "Compl. Injunctive & Declaratory Relief, & Attorneys' Fees" (Doc. No. 1).

2) Plaintiffs sought a preliminary injunction precluding Defendants from enforcing the CRA to prevent Plaintiffs from making the Proposed FECA-to-CRA Transfer. *See* "Pls.' Mot. Prelim. Injunction & Mem. Br. in Support" (Doc No. 16).

3) The Parties fully briefed Plaintiffs' Motion for Preliminary Injunction and the Court held an evidentiary hearing regarding the Motion for Preliminary Injunction. *See* "Pls.' Mot. Prelim. Injunction & Mem. Br. in Support" (Doc No. 16); "Att'y Gen. Hector Balderas's Limited Resp. to Pls.' Mot. Prelim. Injunction" (Doc No. 22); "Sec'y of State Maggie Toulouse Oliver's Resp. to Pls.' Mot. Prelim. Injunction" (Doc No. 23); "Def. Dianna Luce's Limited Resp. to Pls.' Mot. Prelim. Injunction" (Doc. No. 24); "Pls.' Reply in Support of Their Mot. Prelim. Injunction" (Doc. No. 32); Clerk's Minutes of Oct. 16, 2017, Hearing (Doc. No. 46).

4) The Court, after receiving this briefing and considering the testimony and argument at the evidentiary hearing, granted Plaintiffs' motion and issued a preliminary injunction precluding Defendants from enforcing the CRA's contribution

*People for Pearce v. Oliver*, Case No. 2:17-cv-752 JCH/SMV
Joint Findings of Fact and Conclusions of Law
Page **2** of **6**

limits against the Proposed FECA-to-CRA Transfer. *See* "Mem. Op. & Order" (Doc. No. 51).

5) In the Court's opinion and order granting the Motion for Preliminary Injunction, the Court ruled that Plaintiffs were likely to succeed on the merits of their claim that the application of the CRA's contribution limits to the Proposed FECA-to-CRA Transfer violated the First Amendment. *See id.* at 22–30.

6) The Court was not asked to decide, and did not address, whether the application of Section 1-19-34.7 of the CRA in other circumstances, including without limitation the transfer of funds into a CRA account from a non-FECA account or where transferred funds are not raised in compliance with the contribution limits or disclosure requirements of the CRA. *See id.* at 25 (recognizing nature of Plaintiffs' as-applied challenge).

7) Plaintiffs hereby certify that the funds that they have transferred or will transfer from the People for Pearce FECA account to the Pearce for New Mexico CRA candidate campaign committee account were raised from contributions that would not have violated the disclosure requirements in Section 1-19-31 of the CRA or the contribution limits in Section 1-19-34.7 of the CRA, had those contributions been made to a candidate campaign committee account under the CRA.

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Joint Findings of Fact and Conclusions of Law
Page **3** of **6**

## Conclusions of Law

1) Jurisdiction and venue are proper in this district. *See* "Compl. Injunctive & Decl. Relief, & Attorneys' Fees" (Doc. No. 1), ¶¶ 15–17; "Ans. of Sec'y of State Maggie Toulouse Oliver" (Doc. No. 27), ¶¶ 15–17.

2) The application of Section 1-19-34.7 of the CRA to limit the amount of funds that may be transferred from a FECA account to a CRA candidate committee account is prohibited in the following circumstances (*see* "Mem. Op. & Order" (Doc. No. 51), at 25 (recognizing nature of as-applied challenge)):

   a. The FECA account and the CRA account were established for the purpose of electing the same candidate (*see id.* at 26 (recognizing that Plaintiffs' FECA and CRA accounts were both established for Rep. Pearce));

   b. The funds in the FECA account to be transferred to the CRA account (the "Transferred Funds") were raised from contributions that would not have violated the contribution limits[1] in Section 1-19-34.7, had they been made to a campaign committee's account under the CRA (*see id.* (recognizing that Plaintiffs' proposed transferred funds were raised in compliance with the CRA's contribution limits));

   c. The Transferred Funds were raised from contributions that were made with the disclosure of information regarding contributors required by the CRA, including Section 1-19-31 (*see id.* at 26 n.6 (recognizing that Plaintiffs' proposed

*People for Pearce v. Oliver*, Case No. 2:17-cv-752 JCH/SMV
Joint Findings of Fact and Conclusions of Law
Page **4** of **6**

transferred funds were raised in compliance with CRA's disclosure requirements for at least the "vast majority" of the funds)); *and*

    d.  The Transferred Funds were raised from contributions made to the FECA account during a previous election cycle (defined as the combined "primary election" and "general election" defined at N.M. Stat. Ann. § 1-19-34.7(G)) (*see id.* at 9 (recognizing that Plaintiffs' proposed transferred funds were raised in previous election cycles)).

  3)  These conclusions of law do not address the application of Section 1-19-34.7 in other circumstances, including without limitation the transfer of funds into a CRA account from a non-FECA account or where transferred funds are not raised in compliance with the contribution requirements or the disclosure requirements of the CRA.

Respectfully submitted,

| | |
|---|---|
| PEIFER, HANSON & MULLINS, P.A. | OFFICE OF THE ATTORNEY GENERAL |
| By:   Approved via email 3-19-18<br>     Charles R. Peifer<br>     Carter B. Harrison IV<br>Post Office Box 25245<br>Albuquerque, NM 87125<br>Tel:   505-247-4800<br>Email: cpeifer@peiferlaw.com<br>       charrison@peiferlaw.com | By:   /s/ Nicholas M. Sydow<br>     Nicholas M. Sydow<br>     Assistant Attorney General<br>201 3rd Street NW, Suite 300<br>Albuquerque, NM 87102<br>Tel.:   505-717-3571<br>Email: nsydow@nmag.gov |

*Attorneys for Plaintiffs*

*People for Pearce v. Oliver,* Case No. 2:17-cv-752 JCH/SMV
Joint Findings of Fact and Conclusions of Law
Page **5** of **6**

Sean Cunniff
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
Tel:      505-490-4829 (SC)
Email:  scunniff@nmag.gov

*Attorneys for Defendant Oliver*

OFFICE OF THE ATTORNEY GENERAL

By:     Approved via email 3-23-18
          Rebecca C. Branch
Assistant Attorney General
201 3rd Street NW, Suite 300
Albuquerque, NM 87102
Tel.:    505-490-4825
Email:  rbranch@nmag.gov

*Attorneys for Defendants Balderas and Luce*

## CERTIFICATE OF SERVICE

I certify that on March 23, 2018, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ Nicholas M. Sydow
Nicholas M. Sydow

---

[1] For this inquiry, the contribution limits applicable shall be determined by the date of the contribution to the FECA account. As set forth in N.M. Stat. Ann. § 1-19-34.7(D), the CRA's contribution limits are indexed for inflation.

*People for Pearce v. Oliver*, Case No. 2:17-cv-752 JCH/SMV
Joint Findings of Fact and Conclusions of Law
Page **6** of **6**