## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**PEOPLE FOR PEARCE and STEVE E. PEARCE, U.S. Representative for New Mexico's Second Congressional District,**

        **Plaintiffs,**

**vs.**                                  **Case No. 2:17-cv-00752-JCH-SMV**

**MAGGIE T. OLIVER, in her individual capacity and her official capacity as Secretary of State of the State of New Mexico; HECTOR H. BALDERAS, JR., in his individual capacity and his official capacity as Attorney General of the State of New Mexico; and DIANNA LUCE, in her official capacity as Fifth Judicial District Attorney of New Mexico,**

        **Defendants.**

## <u>FINAL ORDER</u>

WHEREAS Plaintiffs filed this action seeking a declaratory judgment and injunctive relief permitting them to transfer the funds held in People for Pearce's Federal Election Campaign Act (FECA) candidate account to Pearce for New Mexico's candidate account under the New Mexico Campaign Reporting Act (CRA), notwithstanding the CRA's contribution limits codified at N.M. Stat. Ann. § 1-19-34.7 (the "Proposed FECA-to-CRA Transfer");

WHEREAS Plaintiffs sought a preliminary injunction precluding Defendants from enforcing the CRA to prevent Plaintiffs from making the Proposed FECA-to-CRA Transfer;

WHEREAS the Parties fully briefed Plaintiffs' Motion for Preliminary Injunction and the Court held an evidentiary hearing regarding the Motion for Preliminary Injunction;

WHEREAS the Court, after receiving this briefing and considering the testimony and argument at the evidentiary hearing, granted Plaintiffs' motion and issued a preliminary injunction precluding Defendants from enforcing the CRA's contribution limits against the Proposed FECA-to-CRA Transfer;

WHEREAS in the Court's opinion and order granting the Motion for Preliminary Injunction, the Court ruled that Plaintiffs were likely to succeed on the merits of their claim that the application of the CRA's contribution limits to the Proposed FECA-to-CRA Transfer violated the First Amendment;

WHEREAS the Court having considered the Parties' Joint Findings of Fact and Conclusions of Law; and,

WHEREAS the Parties desire to resolve this litigation, so as to provide certainty to the public, the State, and candidates regarding the campaign finance rules that govern elections in New Mexico, and to avoid the burden and expense of future litigation,

The Court rules as follows:

1.      Jurisdiction and venue are proper in this district.

2.      The application of Section 1-19-34.7 of the CRA to limit the amount of funds that may be transferred from a FECA account to a CRA candidate campaign committee account is prohibited in the following circumstances:

  a.      The FECA account and the CRA account were established for the purpose of electing the same candidate;

  b.      The funds in the FECA account to be transferred to the CRA account (the "Transferred Funds") were raised from contributions that would not have

violated the contribution limits in Section 1-19-34.7, had they been made

to a campaign committee's account under the CRA.[1]

    c.      The Transferred Funds were raised from contributions that were made

with the disclosure of information regarding contributors required by the

CRA, including Section 1-19-31.

    d.      The Transferred Funds were raised from contributions made to the FECA

account during a previous election cycle (defined as the combined

"primary election" and "general election" defined at N.M. Stat. Ann.

§ 1-19-34.7(G)).

3.      The Court was not asked to decide, and does not address, whether the application

of Section 1-19-34.7 of the CRA in other circumstances, including without

limitation the transfer of funds into a CRA account from a non-FECA account or

where transferred funds are not raised in compliance with the contribution limits

or disclosure requirements of the CRA.

4.      Nothing in this order precludes the application of Section 1-19-34.7 of the CRA in

other circumstances, including without limitation the transfer of funds into a CRA

account from a non-FECA account or where transferred funds are not raised in

compliance with the contribution limits or disclosure requirements of the CRA.

5.      In approving the form of this Order, Plaintiffs hereby certify that the funds that

they have transferred or will transfer from the People for Pearce FECA account to

the Pearce for New Mexico CRA candidate campaign committee account were

raised from contributions that would not have violated the disclosure requirements

---

[1] For this inquiry, the contribution limits applicable shall be determined by the date of the contribution to the FECA account.  As set forth in N.M. Stat. Ann. § 1-19-34.7(D), the CRA's contribution limits are indexed for inflation.

in Section 1-19-31 of the CRA or the contribution limits in Section 1-19-34.7 of the CRA, had those contributions been made to a candidate campaign committee account under the CRA.

6.    The Parties' entitlement to attorney's fees shall be resolved by separate stipulation or by motion practice.

7.    Except for the resolution of attorney's fees, as described in Paragraph 6 above, no claims remain to be adjudicated against any party. Any claims not addressed by this order are hereby dismissed with prejudice.

**HON. JUDITH C. HERRERA**
**U.S. District Judge**